UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 17-cr-20183
                                                 Hon. Mark A. Goldsmith

vs.

DARRICK BELL, et al.,

        Defendants.
_____/

### ORDER GRANTING GOVERNMENT'S MOTION TO CONTINUE AND FOR EXCLUDABLE DELAY (Dkt. 191)

This matter is currently before the Court on the Government's motion to continue and for excludable delay (Dkt. 191). On May 23, 2018, this Court held a status conference, where Defendants Janette Gaggo Tawfik, Terry Pruitt, Jack Hana Yako, and Kemal Gabrail agreed to waive their speedy trial rights and to excludable delay through November 14, 2018.[1] Defendants Harold Nero and Michael Randol refused to waive their speedy trial rights, prompting the Government to file the instant motion. Only Defendant Nero has filed a response (Dkt. 194), and the Government did not file a reply. For the reasons that follow, the Court grants the Government's motion.

The Speedy Trial Act mandates that a defendant be brought to trial within seventy days of filing or public notice of "the information or indictment, or from the date the defendant has

---

[1] Defendants Shelvie Avery and Charles Ford did not have attorneys physically present at the status conference and could not waive their rights. Avery and Ford returned to Court, with their counsel, on June 18, 2018, and at that time waived their speedy trial rights through November 14, 2018.

1

appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In cases where "multiple defendants are charged together and no severance has been granted, one speedy trial clock governs." United States v. Cope, 312 F.3d 757, 776 (6th Cir. 2002). Thus, "the excludable delay of one defendant is ascribed to that of all of his co-defendants." Id. at 776-777. Here, because all Defendants have stipulated to waivers of time prior to May 23, 2018, this date is the operative date on which the Speedy Trial clock begins to run.

The Act, however, contains numerous provisions preventing the seventy-day period from running, including delay due to continuances granted by the court. Such delays are excluded from the seventy-day period if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). For the time of the delay to be excludable, the court must state on the record "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id. When granting such an "ends-of-justice" continuance, a district court should weigh factors such as (i) whether a miscarriage of justice could result, (ii) the complexity of the case and time needed for preparation, and (iii) the continuity of counsel. 18 U.S.C. § 3161(h)(7)(B).

The Government argues that these factors weigh in favor of granting a continuance. It points out that the Court found this case to be a "mega case" under the Criminal Justice Act, based on the volume of discovery, the number of Defendants, and the expected length of trial. Gov't Mot. at 6, PageID.606. Further, the Government is currently in the process of reviewing approximately 15,000 hours of surveillance video in order to provide a list of potentially inculpatory events to Defendants. The Government also notes that the parties filed a joint

statement on April 24, 2018, where all Defendants estimated that they would not be prepared for trial until the fall of 2019. See Joint Statement Regarding Discovery at 6, PageID.582 (Dkt. 184).

In response, Nero argues that the Government chose to indict him before it had sufficiently reviewed the evidence it had collected. Def. Resp. at 2, PageID.619. He states that the Government knew, before it filed the indictment, that it would need to provide discovery in this case, and its lack of diligence will result in Nero remaining in custody for at least eighteen months. Id. at 3-4, PageID.620-621.

The Court finds that the ends of justice are served by excluding the time between May 23, 2018 and November 14, 2018. This case is highly complex, with voluminous discovery materials. Notably, the case involves approximately 14,000 hours of video and 1,400 hours of audio/video. Counsel for Defendants in this case have repeatedly stressed their inability to present an adequate defense on behalf of their clients without fully reviewing the surveillance video, a task which almost certainly could not be completed by Randol or Nero's counsel without a further exclusion of time. Indeed, a miscarriage of justice is likely should these Defendants proceed to trial, as their counsel would not be afforded adequate time to prepare. While delay is certainly to be avoided, the delay here is not attributable to Government pre-indictment lethargy. Much of the delay here is attributable to the length of time necessary for defense counsel to review the many hours of video.

Accordingly, pursuant to 18 U.S.C. § 3161(h)(7)(A), the time between May 23, 2018 and November 14, 2018 is excluded as to Defendants Nero and Randol.

SO ORDERED.

Dated: June 28, 2018  s/Mark A. Goldsmith
     Detroit, Michigan  MARK A. GOLDSMITH
                                                                   United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 28, 2018.

                                                s/Karri Sandusky
                                                Case Manager