UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

*Vs*.                                         Case No. 17-cr-20183
                                         HON. MARK A. GOLDSMITH

HAROLD LASHAWN NERO (D-5),

      Defendant.

_____

**DEFENDANT (D-5) HAROLD NERO'S MOTION
TO EXCLUDE EVIDENCE**

Defendant Harold Nero (D-5), represented by attorney Mark H. Magidson, moves this Honorable Court exclude all evidence obtained outside the scope of the search warrant, under Fed. R. Crim. P. 41, and the Fourth Amendment to U.S. Constitution.

Date: September 26, 2018

Respectfully submitted,

By: /s/*Mark H. Magidson*
    MARK H. MAGIDSON (P25581)
    Attorney for Defendant Nero (D-5)
    615 Griswold, Suite 810
    Detroit, MI 48226
    (313) 963-4311; mmag100@aol.com

## CERTIFICATE REGARDING CONCURRENCE

I certify and affirm, in compliance with E.D. Mich. LR 7.1(a)(2)(A), that there was a conference between the attorneys of record in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

By: /s/*Mark H. Magidson*
    MARK H. MAGIDSON (P25581)

## BRIEF IN SUPPORT OF DEFENDANT (D-5) HAROLD NERO'S MOTION TO EXCLUDE EVIDENCE

## FACTS

Defendant is charged in the Superseding Indictment (Doc. 98) with the following nine counts out of the total 19 counts charged:

- Count One – sex trafficking conspiracy, contrary to 18 U.S.C. § 1594(c);

- Counts Three through Eight – sex trafficking by force, fraud and coercion, aiding and abetting, contrary to 18 U.S.C. § 1591(a) & (b), and 18 U.S.C. § 2;
- Count Eleven – conspiracy to distribute a controlled substance, contrary to 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C); and,
- Count Eighteen – maintaining drug-involved premises, aiding and abetting, contrary to 21 U.S.C. § 856(a)(1), and 18 USC § 2.

The government obtained a search warrant on January 9, 2017 to search the Victory Inn ("Inn") hotel. The warrant commanded the government to execute it "in the daytime 6:00 a.m. to 10:00 p.m." (Exhibit A – Search Warrant). The government did not request authority to execute the warrant at a different time, and good cause was not shown for executing the warrant at a different time.

The government disregarded the daytime limitation and executed the warrant at 4:00 am, finishing their search, seizures, and arrests by about 5:30 am the same day.

## ARGUMENT

The Federal Rules of Criminal Procedure set forth the requirements and scope of a search warrant. "Daytime" is defined to mean the hours between 6:00

a.m. and 10:00 p.m. according to local time. Fed. R. Crim. P. 41(a)(2)(B). Each warrant must command the officer to "execute the warrant during the daytime, unless the judge for good cause expressly authorizes execution at another time." Fed. R. Crim. P. 41(e)(2)(ii).

"The federal Rule requires explicit authorization for a night search, and "reasonable cause shown" to the issuing magistrate justifying the unusual intrusion of a search at night." *United States v. Searp*, 586 F.2d 1117, 1121 (6th Cir. 1978). "The Rule is so constructed that it simply cannot be complied with by chance, because it requires, first, conscious recognition and consideration of the fact that an extraordinary search is contemplated, and, secondly, some record of that consideration in the affidavits and the warrant itself." *Id*. at 1122. The rule is intended to be "a substantial protection against unnecessarily abrasive behavior by the police." *Id*.

In *Searp, supra*, FBI agents and local state police applied for a search warrant to arrest based on evidence that the defendant was involved in a bank robbery. *Searp*, 586 F.2d at 1119. The warrant was issued at 11:27 p.m., and commanded an "immediate" search of the residence in question. *Id*. The warrant was executed shortly before midnight and continuing into the early hours of the next morning, and evidence was seized. *Id*. The *Searp* Court held that the government violated the scope of Fed. R. Crim. P. 41:

> To hold under these circumstances that there has been compliance would

eviscerate a federal rule intended to be a substantial protection against unnecessarily abrasive behavior by the police. In this case the fact that the preprinted warrant form used the word "immediately" would permit its circumvention by a happenstance. [*Searp*, 586 F.2d at 1122.]

In this case, the government by exceeded the scope of the warrant, violating Fed. R. Crim. P. 41, by deliberately disregarding the command to execute during the daytime, which was 6:00 am to 10:00 pm. The government raided the inn at 4:00 am, in order to subject Defendant Nero and the co-defendants to unnecessarily abrasive behavior with the hope of obtaining as much incriminating evidence as possible, such as statements and any potential criminal behavior as a reaction to the middle of the night raid.

The exclusionary rule is an appropriate sanction for a statutory violation where the statutory violation implicates underlying constitutional rights such as the right to be free from unreasonable search and seizure. *United States v. Abdi*, 463 F. 3d 547, 557 (6th Cir. 2006)(citations omitted). "[A]lthough the procedural steps enumerated in Rule 41(d) are important and should not be disregarded, they are ministerial and "absent a showing of prejudice, irregularities in these procedures do not void an otherwise valid search." *Frisby v. United States*, 79 F.3d 29, 32 (6th Cir. 1996). "[T]he exclusionary rule is designed to deter police misconduct." *United States v. Leon*, 468 U.S. 897, 916, 104 S. Ct. 3405, 3417 (1984).

In this case, the government executed the search warrant in an unreasonable manner, attempting to gain a prosecutorial advantage. That search at 4:00 am

violated the spirit of the Fourth Amendment's requirement of reasonable searches and seizures. Defendant Nero was prejudiced because he was present during the unreasonable search that violated his constitutional rights. Excluding the evidence obtained as a result of that unreasonable search would be appropriate to deter similar police misconduct in the future.

WHEREFORE, Defendant Nero (D-5) moves this Honorable Court exclude all evidence obtained outside the scope of the search warrant.

Date: September 26, 2018

Respectfully submitted,

By: /s/*Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant Nero (D-5)
615 Griswold, Suite 810
Detroit, MI 48226
(313) 963-4311; mmag100@aol.com

### CERTIFICATE OF SERVICE

I certify that on September _____, 2018, I electronically filed the above *Motion* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

By: /s/*Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant Nero (D-5)