UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

*Vs*.                                                         Case No. 17-cr-20183
                                                             Hon. Mark A. Goldsmith

HAROLD LASHAWN NERO (D-5),

      Defendant.
_____

**DEFENDANT NERO'S MOTION TO COMPEL DISCOVERY**

    Defendant Harold Nero moves this Honorable Court to order the government to produce discovery requested by Defendant under Fed. R. Crim. P. 12(b)(4)(B), and 16(a)(1).

Date: November 13, 2018

                              Respectfully submitted,

                              By: /s/*Mark H. Magidson*
                                  MARK H. MAGIDSON (P25581)
                                  Attorney for Defendant Nero (D-5)
                                  615 Griswold, Suite 810
                                  Detroit, MI 48226
                                   (313) 963-4311
                                   mmag100@aol.com

**Statement Regarding Concurrence**

I certify and affirm that pursuant to LR 7.1(a)(2)(A), defense counsel sought concurrence in this motion and discovery request but did not obtain concurrence in the relief sought.

By: /s/*Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant Nero

**BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION TO COMPEL DISCOVERY**

**FACTS**

Defendant is charged in the Superseding Indictment (Doc. 98) with the following nine counts out of the total 19 counts charged:

- Count One – sex trafficking conspiracy, contrary to 18 U.S.C. § 1594(c);

- Counts Three through Eight – sex trafficking by force, fraud and coercion, aiding and abetting, contrary to 18 U.S.C. § 1591(a) & (b), and 18 U.S.C. § 2;

- Count Eleven – conspiracy to distribute a controlled substance, contrary to 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C); and,

- Count Eighteen – maintaining drug-involved premises, aiding and abetting, contrary to 21 U.S.C. § 856(a)(1), and 18 USC § 2.

The government obtained a search warrant on January 9, 2017 to search the Victory Inn ("Inn") hotel after multiple FBI agents conducted a lengthy surveillance of the co-defendants and activity at the Inn.

The government generally alleges that the co-defendants engaged in conduct that either aided and abetted or caused eight unidentified women, over the age of eighteen, to engage in commercial sex acts, that is, the co-defendants engaged in a sex trafficking conspiracy. (Ind., Doc. 98, Pg ID 297-299).

The government also alleges that the co-defendants conspired to possess with intent to distribute cocaine and heroin. *Id*. at 309. The allegation is that the co-defendants used the Inn to manage and control the processing and distribution of the drugs, variously acting as lookouts or protecting the drugs. *Id*. at 310. The co-defendants also allegedly used the drugs to control and coerce the eight women to commit commercial sex acts at the Victory Inn. *Id*. at 311.

Defense counsel has learned that the government seized Defendant's cell phone, drug tested Defendant, and that numerous witnesses in this case are addicts.

On July 7, 2017, Defendant served the government his first written request for discovery under Fed. R. Crim. P. 16, the Jencks Act, 18 USC 3500, and *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-1197 (1963). (Exhibit A – 1st Discovery Request).

On October 1, 2018, after learning more about the facts of the case and reviewing surveillance video, Defendant served the government his second and more specific request for discovery items. (Exhibit B – 2nd Discovery Request).

## ARGUMENT

In order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), a defendant may request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16. Fed. R. Crim. P. 12(b)(4)(B).

The Federal Rules of Criminal Procedure require the government to make pretrial disclosure of certain types of information, specifically:

> (E) Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> > (i) the item is material to preparing the defense;
> > (ii) the government intends to use the item in its case-in-chief at trial; or

> (iii) the item was obtained from or belongs to the defendant.
>
> (F) Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
>
>> (i) the item is within the government's possession, custody, or control;
>> (ii) the attorney for the government knows—or through due diligence could know—that the item exists; and
>> (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

[Fed. R. Crim. P. 16(a)(1)(E) and (F).]

The disclosure requirements apply not only to the information in the prosecutor's own files, but also to information held by "the law enforcement agency investigating the offense." *Owens v. Guida*, 549 F.3d 399, 415 (6th Cir. 2008).

Rule 16 "is intended to prescribe the minimum amount of discovery to which the parties are entitled, and leaves intact a court's discretion to grant or deny the broader discovery requests of a criminal defendant." *United States v Richards*, 659 F3d 527, 543 (6th Cir. 2011)(quoting *United States v. Jordan*, 316 F.3d 1215, 1249 n. 69 (11th Cir. 2003) (citation and internal quotation marks omitted).

If a party fails to comply with Rule 16, this Court has discretion to impose a number of sanctions — it may order discovery, grant a continuance, exclude the undisclosed evidence, or enter any other order that is just under the circumstances.

*United States v. Jordan*, 544 F.3d 656, 667 (6th Cir. 2008)(citing Fed. R. Crim. P. 16(d)(2)).

In this case, Defendant has requested the following items of discovery:

a) Reports, records, or other material obtained from Defendant's cell phone of any type or nature;

b) Any rough notes of any agent that were written during surveillance of the Victory Inn or at any other occasion related to this case;

c) In order to facilitate potential resolution of this matter, early release of any grand jury transcripts and witness statements;

d) Early release of any cooperation agreements or other plea deals that the government has offered any witness for any reason, whether to testify in this case or provide information;

e) Information and records of any government witness that would indicate potential bias or competence affecting that witness including the prior arrest record(s), prior medical records of the witness, if the medical condition would affect memory and perception, such as addiction to alcohol and or controlled substances, and whether the witness suffered from any other mental disorders.

f) A preliminary witness list and the substance of the anticipated testimony of each witness;

g) A preliminary exhibit list that the Government may use at trial;

h) Names and addresses of any witness that is favorable to the defense as well as any physical evidence that could be considered favorable to the defense that the government knows about or has possession of; and,

i) Any drug tests and results of drug tests of the Defendant Nero. [Ex. A; Ex. B.]

Those items are required to be disclosed under Fed. R. Crim. P. 16(a)(1)(E) and (F). The requested items are documentary evidence and the results of a scientific tests under Fed. R. Crim. P. 16(a)(1)(E) and (F). The items and information are in the government's possession and control. And the items and information are material to preparing a defense.

Defendant must be able to review and examine the items requested to prepare for trial. Defendant's cell phone texts, emails, photos, and data will likely be relied on by the government at trial in its case in chief in relation to proving a conspiracy. The defense must be allowed to examine Defendant's cell phone data to explain what was actually happening and what any photos or video actually depict.

The defense also needs the agent's rough notes made during surveillance because, not only was the surveillance in this case extensive, but the government has produced thousands of hours of surveillance video from the Inn that will be used at trial. The agent's rough notes will be necessary to review along with the Inn video surveillance evidence before trial, to compare the two.

Because many of the witnesses in this case are alleged to be addicts, the results of any treatment or substance abuse assessments could be incriminating, exculpatory, or used for impeachment under *Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963), and *United States v. Bagley*, 473 U.S. 667,

105 S. Ct. 3375, 87 L. Ed. 481 (1985). Part of Defendant's defense is that he was merely present because he was an addict, and the results of any drug tests performed on Defendant are necessary for preparation of trial and required under Fed. R. Crim. P. 16.

WHEREFORE, Defendant Nero (D-5) moves this Honorable Court to compel discovery of the information and objects requested by defense counsel.

Date: November 13, 2018

Respectfully submitted,

By: /s/*Mark H. Magidson*
  MARK H. MAGIDSON (P25581)
  Attorney for Defendant Nero (D-5)
  615 Griswold, Suite 810
  Detroit, MI 48226
  (313) 963-4311; mmag100@aol.com

### CERTIFICATE OF SERVICE

I certify that on November 13, 2018, I electronically filed the above *Motion* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

By: /s/*Mark H. Magidson*
  MARK H. MAGIDSON (P25581)
  Attorney for Defendant Nero (D-5)