UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

*Vs*.                                                    Case No. 17-20183
                                                      Hon. MARK A. GOLDSMITH

HAROLD LASHAWN NERO (D-5),

    Defendant.

_____

### DEFENDANT (D-5) NERO'S RESPONSE
### TO GOVERNMENT'S *MOTION FOR CONTINUANCE AND FINDING EXCLUDABLE DELAY* (Doc. 250)

Defendant, (D-5) Harold Nero, moves this Honorable Court to deny the government's motion (Doc. 250) because its request for a continuance violates Defendant's Speedy Trial Act rights under 18 U.S.C. § 3161.

Date: November 16, 2018

Respectfully submitted,

By: s/*Mark H. Magidson*
    MARK H. MAGIDSON (P25581)
    Attorney for Defendant Shy
    615 Griswold, Ste. 810
    Detroit, MI 48226
    (313) 963-4311

**BRIEF IN SUPPORT OF
DEFENDANT (D-5) NERO'S RESPONSE
TO GOVERNMENT'S *MOTION FOR CONTINUANCE AND FINDING
EXCLUDABLE DELAY* (Doc. 250)**

## FACTS

Defendant Nero has been in custody since June 30, 2017, and he was arraigned on the superseding indictment on September 28, 2017.

Before Nero was in custody, the government and co-defendants had stipulated to a finding that this was a "mega" case. Nero has never stipulated that this is a mega case.

Nero agreed to two continuances excluding the time from his arraignment to May 23, 2018. (Stip. Order, Doc. 171, Pg ID 482-483). Nero agreed to those continuances despite the fact that the government chose to indict him before it had sufficiently reviewed the evidence it had collected.

At the November 14, 2018 status conference, the government and co-defendants stipulated to a trial date in January 2020. Nero objects and is ready to proceed to trial.

## ARGUMENT

The Speedy Trial Act requires that a defendant's trial begin within 70 days after his indictment or his first appearance before a judicial officer, whichever is

later. 18 U.S.C. § 3161(c)(1). A delay beyond the 70-day period attributable to joinder is not a ground for a severance, per se, because the Speedy Trial Act contains an express exclusion of a "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). That is, a single speedy trial clock governs, and delay attributable to any one defendant is applicable to all defendants. "The only inquiry made in such multiple defendant cases is whether the delay is 'reasonable.' " *United States v. Gambino*, 59 F.3d 353, 362 (2d Cir. 1995). Moreover, a defendant must expressly move for severance on the ground of seeking a speedy trial to trigger this reasonableness requirement. *United States v. Vasquez*, 918 F.2d 329 (2d Cir. 1990). Nero filed a motion to sever on September 21, 2018. (Doc. 211).

The government argues that a continuance through the trial date of January 6, 2020, is necessary because of the complexity of this case, the volume of discovery, the number of defendants, and because Nero requested the video Review Lists and filed motions. (Doc. 250, Pg ID 1016, 1019).

Nero argues that the government's "lack of diligent preparation" before filing the indictment against him is a reason to deny it's request for an additional continuance resulting in Nero spending three-and-a-half years in custody because of its lack of diligent preparation. See 18 USC 3161(h)(A) and (C).

The Speedy Trial Act specifically states that "[n]o continuance . . . shall be granted because of . . . lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 USC 3161(h)(C).

The government relies on the fact that the Defendants have demanded discovery of the voluminous hours of surveillance video; however, before filing the indictments, the government knew that it would need to produce that discovery in this case. The government's lack of diligence before indictment, when it could have conducted its investigation and reviewed the discovery material—the evidence of its longterm investigation—will result in Nero sitting in custody for three-and-a-half years. Also, the Defendants' review of the video would not have taken as long if the government had not waited months to provide its Review Lists until after the Defendants' requests.

The Speedy Trial Act protects defendants from having to sit in jail for this very reason—allowing the government to indict, and while a defendant sits in custody, then conduct its investigation and produce its evidence. 18 USC 3161(h)(C).

The ends of justice are not served by a continuance, and it is not in the best interest of the public and Defendant Nero in a speedy trial. Nero's Sixth Amendment right to a speedy trial are being violated.

WHEREFORE, Defendant (D-5) Nero moves this Honorable Court to deny the Government's motion for a continuance.

Date: November 16, 2018

Respectfully submitted,

By: s/*Mark H. Magidson*
   MARK H. MAGIDSON (P25581)
   Attorney for Defendant Nero (D-5)
   615 Griswold, Ste. 810
   Detroit, MI 48226
   (313) 963-4311

## CERTIFICATE OF SERVICE

I certify that on November 16, 2018, I electronically filed the above *Motion* and brief with the Clerk of the Court using the ECF system, which will send notification of such filing to the parties of record.

By: s/*Mark H. Magidson*
   MARK H. MAGIDSON (P25581)
   Attorney for Defendant Shy (D-13)