UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

      Plaintiff,

Case No. 2:17-cr-20183

v.

Honorable Mark A. Goldsmith

D-5 HAROLD LASHAWN NERO,

      Defendant.

## GOVERNMENT'S SUR-REPLY
## TO DEFENDANT NERO'S MOTION TO EXCLUDE EVIDENCE

The government respectfully submits this sur-reply in accordance with the Court's Orders (R. 231 and R. 254).   For the reasons set forth below and in the government's Response (R. 225), defendant Nero's Motion to Exclude Evidence (R. 218) should be denied.

## SUPPLEMENTAL FACTUAL BACKGROUND

In his Reply brief (R. 229) and attached (unsigned) statement (R. 229-2), Nero raised new factual claims, including that he kept certain documents in "Room D-6" at the Victory Inn hotel.   In an amended, signed version of his statement (R. 251), Nero clarified that "Room D-6 is Defendant Randol who was in Room 201."

The search warrant for the Victory Inn authorized the search of Room 201. *See* R. 225-1 (**Ex. 1**).   On January 12, 2017, law enforcement agents executed the warrant and searched the Victory Inn, including Room 201.   Agents arrested co-

defendant Randol inside Room 201.   *See* **Ex. 6** (ROI of search of Room 201).

Agents found various items in Room 201, including drugs, cell phones, and

miscellaneous documents, including Randol's driver's license.   *See* **Ex. 2-A**

(Search Warrant Return Inventory re: Room 201); **Ex. 6**.   A review of the room

rental receipts seized from the hotel office, *see* R. 225 at 6, indicated that Randol

rented Room 201 on January 10-11, 2017—i.e., two days before the search.

On January 12, 2017, agents interviewed Nero.   *See* R. 225 at 7-8; **Ex. 5-A**

(Excerpt of ROI of Nero's interview).   Among other statements, *see* R. 225 at 8,

Nero stated he was "leery of going back to the hotel," had stayed in Rooms 102,

103, and 109, and that Randol stayed in Room 201.

Agents have reviewed the documents seized from Room 201 and determined

that four items appear to belong to defendant Nero: (1) Nero's social security card,

(2) Nero's birth certificate, (3) a Henry Ford College student ID card in his name,

and (4) a Michigan Department of Corrections "Report Notice" addressed to Nero.

## **ARGUMENT**

Notwithstanding defendant Nero's claims in his Reply and signed statement,

his motion should still be denied because (1) he lacks standing to challenge *any*

*part* of the Victory Inn search, and (2) there is no rights violation because the

search started within the authorized time period.

## I.     **Timing of the January 12, 2017 Search of the Victory Inn**

The search of the Victory Inn started no earlier than 6:00 a.m. Although Nero's Reply attached several screen shots from the Victory Inn's surveillance video that bear time stamps indicating agents were on scene shortly after 4:00 a.m., *see* R. 229-1, the government contends these time stamps are inaccurate and believes they result from the Victory Inn's surveillance video system having incorrect time settings programmed. In addition to the photo and documentary corroborating evidence detailed in the government's Response, *see* R. 225 at 2-5, 16, the government will be prepared to prove the start time of the search at a hearing by bringing any of the approximately 200 law enforcement agents involved in the search to testify under oath that the search started no earlier than 6:00 a.m.

## II.    Standing

### A.    Nero Does Not Have Standing to Challenge Search of Room 201

Defendant Nero's assertion that he kept certain personal documents in Room 201—which the government acknowledges is partly true—is not sufficient to establish his standing to challenge the search of Room 201 because Nero had no reasonable expectation of privacy in that room.

First, as detailed in the government's Response, *see* R. 225 at 12-14, Nero was *not* an overnight guest at the Victory Inn—to include in Room 201—at the time agents conducted the search. Co-defendant Randol was staying in Room 201 when it was searched, *see supra*, at 1-2, and Nero has not claimed he ever stayed or

slept in Room 201.   On the contrary, Nero has stated that (i) he did not stay with anyone when he stayed at the Victory Inn, (ii) he has stayed in specific numbered rooms, not including Room 201, and (iii) Randol stayed in Room 201.   *See* **Exhibit 5-A** at 2-4.   Accordingly, Nero was not an overnight guest in Room 201 and therefore has no standing with respect to that room.   *See* R. 225 at 12-13 (citing *Minnesota v. Olson*, 495 U.S. 91 (1990); *Stoner v. California*, 376 U.S. 483 (1964); and *United States v. Allen*, 106 F.3d 695 (6th Cir. 1997)).

Second, even though "[t]he Sixth Circuit has generously construed the Fourth Amendment as protecting nearly all overnight guests," *United States v. Washington*, 573 F.3d 279, 283 (6th Cir. 2009), the mere act of keeping some personal possessions in a place does not render one an overnight guest and, without more, is insufficient to establish standing to challenge the search of that place. For example, in *United States v. Pollard*, 215 F.3d 643 (6th Cir. 2000), the Sixth Circuit found that a defendant had a legitimate expectation of privacy in a residence where he (i) had a longstanding personal relationship with the tenant, (ii) occasionally spent the night on the couch in the living room, (iii) had slept there earlier in the week, (iv) sometimes ate meals with the family during his visits, and (v) kept some personal belongings in a closet in the living room.   *Id*. at 645–47. Here, by contrast, while Nero may have kept some personal documents in Room 201 and had a personal relationship with Randol, there is no evidence that he *ever*

4

stayed in Room 201.   Therefore, Nero was not an overnight guest in Room 201 and has no standing.

The Sixth Circuit's decision *United States v. Waller*, 426 F.3d 838 (6th Cir. 2005), is not to the contrary.   In *Waller*, the defendant had moved to suppress firearms found in a zipped-closed luggage bag stored in a closet at a friend's apartment—an apartment where the defendant had eaten, showered, and changed clothes, but had *not* slept.   *Id*. at 842, 844.   In concluding that the district court had erred in denying suppression, the Sixth Circuit specifically found that the defendant "had a legitimate expectation of privacy *in his luggage bag*" and that this expectation was reasonable.   *Id*. at 844–45 (emphasis added).   *Waller* thus stands for the proposition that a defendant may have standing to challenge the search of a particular *item or container* stored inside a third party's residence when the defendant was not an overnight guest.   But merely keeping personal items in a place, as Nero apparently did in Room 201, is not itself sufficient to establish standing to challenge the search of the *place*, when one is not an overnight guest.[1]

---

[1] The government acknowledges that in *United States v. Washington*, 573 F.3d 279 (6th Cir. 2009), the Sixth Circuit described its prior holding in *Waller* in broad terms, citing *Waller* for the proposition that "this circuit has even extended standing to challenge a search to non-overnight guests who are permitted to keep items in the residence," and summarizing *Waller* in a parenthetical as "holding that a transient person who was never an overnight guest had a reasonable expectation of privacy *in a friend's apartment* where he showered, changed clothes, and kept some personal possessions."   *Washington*, 573 F.3d at 283 (emphasis added).   The government submits, however, that the *Washington* court overstated the breadth of *Waller*'s holding.   In *Waller*, the Sixth Circuit expressly held only that the defendant's reasonable expectation of privacy extended to his luggage bag, *not* to the friend's apartment generally.

**B.     Nero Does Not Have Standing to Challenge Search of Any Other Rooms at Victory Inn**

Nero's signed statement also fails to establish standing to challenge searches of the Victory Inn beyond Room 201.   To establish Fourth Amendment standing, the defendant "must show (1) that he had a subjective expectation of privacy, and (2) that his expectation was objectively reasonable."   *United States v. Washington*, 573 F.3d 279, 282 (6th Cir. 2009).   Nero's signed statement appears to claim the entire Victory Inn hotel as his residence.   *See* R. 251; *see also* Def.'s Reply at 4-5. While Nero's signed statement might be sufficient to meet the first, subjective prong of the standing inquiry, it fails to meet the second, objective prong.

Simply put, Nero's claimed expectation of privacy—that of a transient person's in any and all rooms of a hotel in which (i) he was not staying, renting, or present when the search occurred, (ii) he had stayed in only certain rooms in the past, and (iii) he had not stayed more recently than a week or more before the search—is *not* "one that society is prepared to recognize as legitimate."   *Pollard*, 215 F.3d at 647.   This Court should reject such a far-reaching and legally unsupported claim.   Here, it is undisputed that Nero was not staying in, or renting, any room at the hotel when the search occurred.   And controlling Sixth Circuit case law is clear that a hotel guest's reasonable expectation of privacy *in a rented room* expires when the rental period expires or has been lawfully terminated.   *See* R. 225 at 13–14 (citing *United States v. Allen*, 106 F.3d 695 (6th Cir. 1997);

*United States v. Lanier*, 636 F.3d 228 (6th Cir. 2011); and *Washington*, 573 F.3d at

285).   If a hotel guest has no reasonable expectation of privacy in a *formerly*

rented room, it follows that a person certainly cannot have a reasonable expectation

of privacy in the entirety of the hotel at which he formerly stayed.

Moreover, the only case defendant cites in support is inapposite.   In *Byrd v.*

*United States*, 138 S. Ct. 1518 (2018), the Supreme Court held, "as a general rule,

someone in otherwise lawful *possession and control of* a rental car has a

reasonable expectation of privacy in it even if the rental agreement does not list

him or her as an authorized driver."   *Id*. at 1524 (emphasis added).   Nero's

attempt to analogize *Byrd* to this case fails because, unlike the driver of a rental

car, Nero was *not* found present in, or in possession or control of, any room at the

Victory Inn at the time of the search.   Defendant's motion should be denied.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

*/s/ William M. Sloan*
William M. Sloan
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9680
william.sloan2@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.

> */s/ William M. Sloan*
> William M. Sloan
> Assistant United States Attorney
> 211 Fort Street, Suite 2001
> Detroit, MI 48226
> (313) 226-9680
> william.sloan2@usdoj.gov