**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,          CRIMINAL NO. 17-20183

        Plaintiff,          HON. MARK A. GOLDSMITH

v.

D-5    HAROLD LASHAWN NERO,

        Defendant.
_____/

## ORDER GRANTING GOVERNMENT'S MOTION FOR CONTINUANCE AND FINDING EXCLUDABLE DELAY (Dkt. 250)

This matter is currently before the Court on the Government's motion to continue and for excludable delay (Dkt. 250). On November 14, 2018, this Court held a status conference, where all defense counsel were present, and Defendants Janette Tawfik Gaggo, Terry Pruitt, Michael Randol, Shelvie Avery, Charles Ford, Kack Hana Yako, and Kemal Gabrail agreed on the record to waive their rights under the Speed Trial Act and to excludable delay through the trial date of January 6, 2020, and to certain other dates for motion cut-off (April 15, 2019), plea cut-off (November 5, 2019), and final pretrial hearing (December 3, 2019). Defendant Lashawn Nero alone refused to waive his rights under the Speed Trial Act, prompting the Government to file the instant motion. For the reasons that follow, the Court grants the Government's motion.

The Speedy Trial Act mandates that a defendant be brought to trial within seventy days of filing or public notice of "the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In cases where "multiple defendants are charged together and no severance has been granted, one speedy trial clock governs." United States v. Cope, 312

F.3d 757, 776 (6th Cir. 2002). Thus, "the excludable delay of one defendant is ascribed to that of all of his co-defendants." Id. at 776-77.

Here, all Defendants stipulated to waivers covering May 23, 2017 to November 14, 2017, and then to May 23, 2018. Thus, May 23, 2018, was the operative date. On May 30, 2018, the government filed a motion for continuance and finding excludable delay (Dkt. 191). And on June 28, 2018, the Court issued an order granting the government's motion and finding excludable the period up to November 18, 2018 (Dkt. 200). November 18, 2018, then became the operative date.

The Act, however, contains numerous provisions preventing the seventy-day period from running, including delay due to continuances granted by the court. Such delays are excluded from the seventy-day period if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). For the time of the delay to be excludable, the court must state on the record "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id. When granting such an "ends-of-justice" continuance, a district court should weigh factors such as (i) whether a miscarriage of justice could result, (ii) the complexity of the case and time needed for preparation, and (iii) the continuity of counsel. 18 U.S.C. § 3161(h)(7)(B).

The Government argues that these factors weigh in favor of granting a continuance. It points out that the Court found this case to be a "mega case" under the Criminal Justice Act, based on the volume of discovery, the number of Defendants, and the expected length of trial.[1]

---

[1] Nero states that he "has never stipulated that this is a mega case," Def. Resp. at 2, but his counsel stipulated to declaring the case a mega case pursuant to the Criminal Justice Act on July 17, 2017. 7/17/2017 Stip. & Order (Dkt. 83).

Further, the Government is currently in the process of reviewing approximately 15,000 hours of surveillance video in order to provide a list of potentially inculpatory events to Defendants. The Government also notes that the parties filed a joint statement on April 24, 2018, where all Defendants estimated that they would not be prepared for trial until the fall of 2019. See Joint Statement Regarding Discovery at 6 (Dkt. 184). Defendants requested that the Government provide them with the Review Lists, creating delay to no less than February 14, 2019, and then asked for a motion cut-off of April 15, 2019. Seven defendants (all except Nero) asked for a trial date of January 6, 2020. On September 21, 2018, Nero filed the first of several of his pending motions. (Dkt. 211, 215, 217, 218, and 241). Pruitt also filed several pending motions on November 13, 2018. (Dkt. 234, 235, 236, 237, 238, and 239), and Gaggo filed a motion on the same day. (Dkt. 232).

The Court finds that the ends of justice are served by excluding the time between November 14, 2018 and January 6, 2020. This case is highly complex, with voluminous discovery materials. Notably, the case involves approximately 14,000 hours of video and 1,400 hours of audio/video. Counsel for Defendants in this case have repeatedly stressed their inability to present an adequate defense on behalf of their clients without fully reviewing the surveillance video, a task which almost certainly could not be completed by Nero's counsel without a further exclusion of time. Indeed, a miscarriage of justice is likely should Nero proceed to trial, as his counsel would not be afforded adequate time to prepare. While delay is certainly to be avoided, the delay here is not attributable to Government pre-indictment lethargy, as Nero claims. Much of the delay here is attributable to the length of time necessary for defense counsel to review the many hours of video. While Nero contends that the Government should have reviewed the video evidence prior to indicting him, and suggests that the Government should have provided its Review Lists to Defendants sooner, the Court disagrees. There is no indication that the

3

Government has failed to diligently review the video or compile the Review Lists. Indeed, the Review Lists assist defense counsel in completing their own review of the surveillance video in a timely manner.

Accordingly, pursuant to 18 U.S.C. § 3161(h)(7)(A), the time between November 14, 2018 and January 6, 2020, is excluded as to Defendant Nero.

SO ORDERED.

Dated: February 5, 2019  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge