United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,                      Criminal No. 17-20183

v.

                                         Hon. Mark A. Goldsmith

D-5 HAROLD LASHAWN NERO,

        Defendant.
_____/

## Government's Response to Defendant's Revised Motion for Revocation of Detention Order (R. 296)

Defendant Harold Lashawn Nero has again requested bond—this is his third motion requesting revocation of the detention order. He states that he has been detained in a county jail for two years and that he has located two additional women to vouch on his behalf. Nero fails to discuss the standard for reopening a detention hearing—a standard he cannot meet.

This Court should deny Nero's motion for revocation of the detention order.

                                            Respectfully submitted,

                                            Matthew Schneider
                                            United States Attorney

                                            *s/ Lisandra Fernandez-Silber*
                                            Lisandra Fernandez-Silber
                                            Assistant United States Attorney
                                            211 West Fort Street, Suite 2001
                                            Detroit, Michigan 48226-3211
                                            (313) 226-9122

Date:  July 9, 2019                         lisandra.fernandez-silber@usdoj.gov

## Government's Brief in Support of its Response

### I. Statement of Facts

The Court has set out the facts of Nero's case—including those concerning his dangerousness, risk of flight, and the need for detention—in detail in the Court's Opinion and Order Denying Defendant's Motion for Revocation of Detention Order. (R. 183). The Court found that "the Government proved by clear and convincing evidence that Nero presents a danger to the community, and proved by a preponderance of the evidence that he is a risk of flight, and that no condition or combination of conditions could reasonably assure the safety the community and his appearance in court." *Id.* at Pg ID 574. Nero filed a subsequent motion for transfer or for bond based on his detention aggravating his anxiety and depression. (R. 215). The Court denied that motion as moot after Nero was transferred to another facility and began receiving additional medical treatment. (R. 261).

On June 27, 2019, Nero filed his revised motion for revocation of the detention order. (R. 296). Nero did not attach any documentation or affidavit to support his claims. *See id.* He references the same letters of support from friends, family, and acquaintances that the Court already considered in its opinion and order denying Nero's first motion for revocation of the detention order. *See id.* at Pg ID 1299-1302; R. 183 at Pg ID 568, 572. The Court found that these letters were not persuasive and were insufficient to overcome the presumption in favor of detention.

1

(R. 183 at Pg ID 572) (noting that more than one victim rescued from the Victory Inn indicated that Nero abused them, would hit the girls to keep them "in check," and guarded them like prisoners while they walked to prostitute themselves on Michigan Avenue). Other than a brief discussion of two additional women willing to vouch on his behalf, Nero cites no new material fact, which is pertinent to his dangerousness or risk of flight. *See id.* at Pg ID 1303–05.

## II.     Argument

The Court may reopen a detention hearing if (1) information exists that was unknown to the defendant at the time of the hearing and (2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure the defendant's appearance at trial and the safety of any other person in the community." *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012); 18 U.S.C. § 3142(f).  Nero never cites or discusses the relevant statute or standard.  And "[i]t is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones." *United States v. Fowler*, 819 F.3d 298, 309 (6th Cir. 2016) (quoting *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009)).

In any event, Nero cannot justify reopening his detention hearing; applying the statute does not help him.  "[T]o justify reopening the detention hearing, the information ha[s] to be sufficiently material to the issue of dangerousness." *United States v. Sandles*, 9 F. App'x 377, 379 (6th Cir. 2001) (citation omitted).  All Nero

2

provides is a general description of two women that his defense counsel and investigator located and the women's willingness to vouch for him. But Section 3142(f)(2)(B) requires "truly changed circumstances, something unexpected, or a significant event." *United States v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009); *United States v. Mohammad*, No. 3:15-CR-358, 2017 WL 2365247, at *2 (N.D. Ohio May 31, 2017) (same). Nero does not even provide a letter or affidavit from either woman.

The first woman, "C," is Nero's "not exclusive" ex-girlfriend, and they were captured on security video together at the Victory Inn. According to Nero, C and he got high together and he treated C very well. (R. 296 at Pg ID 1303–04).

The second woman, "Little B," is someone Nero has known for years and is "like a niece." She is a heroin addict and engages in prostitution. Nero is captured on security video hitting Little B at the Victory Inn with such force that she "falls to a knee." According to Nero, when his investigator asked Little B about the video, she recalled an incident when she stole Nero's property and he slapped or hit her. According to Nero, Little B confirmed that Nero has always protected her and other women and has never forced her to have sex or use drugs. *Id.* at Pg ID 1304–05.

Even if the Court accepts that C and Little B would vouch for Nero as stated in his motion, Nero cannot meet the standard for reopening his detention hearing. Their vouching is no different from the vouching of the five other women whose letters this Court found to be not persuasive and insufficient to overcome the

3

presumption in favor of detention. *See* R. 183 at Pg ID 572 (citing *United States v. Gray*, 20 F. App'x 473, 475 (6th Cir. 2001) (in conspiracy to possess with intent to distribute seven kilograms of cocaine, testimony from relatives insufficient to overcome the presumption in favor of detention)).

### III. Conclusion

This Court should deny Nero's motion.

                          Respectfully Submitted,

                          Matthew Schneider
                          United States Attorney

                          *s/ Lisandra Fernandez-Silber*
                          Lisandra Fernandez-Silber
                          Assistant United States Attorney
                          211 West Fort Street, Suite 2001
                          Detroit, Michigan 48226-3211
                          (313) 226-9122
                          lisandra.fernandez-silber@usdoj.gov

Date: July 9, 2019

## Certificate of Service

I hereby certify that on July 9, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

*s/ Lisandra Fernandez-Silber*
Lisandra Fernandez-Silber
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9122
lisandra.fernandez-silber@usdoj.gov