UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.

        Case No. 17-cr-20183
        Hon. Mark A. Goldsmith

D-5 HAROLD NERO,

        Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT NERO'S REVISED MOTION FOR THE REVOCATION OF THE DETENTION ORDER (DKT. 296)**

This matter is before the Court on Defendant Harold Lashawn Nero's second motion for revocation of the detention order (Dkt. 296). The Court denied his previous motion on April 16, 2018 (Dkt. 183). Because Nero has failed to present sufficient facts of a change in circumstances warranting release from pretrial detention, the Court denies the present motion.

**I.    BACKGROUND**

The factual background of this case has been adequately set forth in the Court's prior order denying Nero's first motion for revocation of detention and need not be repeated in full. Pertinent to the resolution of the present motion is Nero's proffered information in his first motion. In connection with his motion for revocation of detention, Nero proffered several letters from friends, family, and acquaintances. One man, Gregory Stocchi, describes Nero's good character, and states that he can provide Nero a job and place to live. See Letter re: Basic Good Character of Harold Nero, Ex. A to Def. First Mot., at 2 (Dkt. 174-1). Nero's father also writes that Nero is "kind and gentle." See Letter re: Basic Character of Harold Nero, Ex. B to Def. First Mot., at 4 (Dkt. 174-1). Nero's father states that it would help him to have Nero released, as he is handicapped. Id.

1

Nero additionally provided letters from five women who have each known him for several years, which discuss Nero's non-violence and kindness towards them. See Exs. C-D, F-H to Def. First Mot. (Dkt. 174-1). The Court found this evidence insufficient to overcome the presumption in favor of detention in light of the multiple female victims found at the Victory Inn on January 12, 2017, who stated that Nero physically abused them to keep them "in check," and even guarded them like prisoners while they walked to prostitute themselves on Michigan Avenue. 4/16/2018 Op. at 11.

With respect to the present motion, Nero proffers the same information in support of his character as before, including the statement of April Romero who allegedly said that if Nero "hit just one girl, she would have heard about it." Def. Mot. ¶ 29. In addition to the previous information, Nero says there are two more women who would attest to his good character. Nero does not provide a letter or affidavit from either woman. Nero says that the first woman, identified as Individual C, would testify that he was someone she could trust and rely upon. Id. at 39. With respect to the second woman, identified as Little B, Nero says that he once confronted her in a Victory Inn hallway for stealing one of his shirts and meted out "street justice" by slapping her. Id. ¶ 42. According to the Government, who reviewed the slapping incident on a security video, Nero slapped Little B with such force that she dropped to a knee. Gov't Resp. at 3 (Dkt. 302).

## II.  LEGAL STANDARD

A detention hearing may be reopened if (1) new "information exists that was not known to the movant at the time of the hearing;" and (2) the new information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B); United States v. Watson, 475 F. App'x 598, 600 (6th Cir. 2012). With respect to

the second prong, the information must be "sufficiently material to the issue of dangerousness," United States v. Sandles, 9 F. App'x 377, 379 (6th Cir. 2001), such as "truly changed circumstances, something unexpected, or a significant event," United States v. Jerdine, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009), aff'd, 511 F. App'x 391 (6th Cir. 2013).

### III. DISCUSSION

Nero has failed to present new information of a change in circumstances reasonably assuring community safety if he were released from pretrial detention. The Court is satisfied by defense counsel's explanation that it was difficult to locate the two women who are now potentially willing to testify on Nero's behalf as to his good character. Therefore, the information can be reasonably considered new for the purposes of 18 U.S.C. § 3142(f)(2)(B). However, this new information is not sufficiently material to the issue of dangerousness. The Court already found similar evidence unpersuasive in its opinion on Nero's first motion for revocation, and two more women testifying on Nero's good character does not tip the scales in his favor.

Additionally, Nero's description of the encounter with Little B, if anything, cuts against him. Meting out "street justice" by slapping Little B for stealing one of his shirts reinforces the Government's position that Nero is a danger to the community and kept women "in check" at the Victory Inn. Moreover, slapping a person hard enough to drop them to a knee undermines the credibility of April Romero's assertion that if Nero "had hit just one girl, she would have heard about it." Nero does not describe truly changed circumstances, something unexpected, or a significant event in his motion such that release is warranted. Accordingly, the Court denies Nero's motion for revocation of the detention order.

### IV. CONCLUSION

For the reasons discussed above, Nero's second motion for revocation of the detention order (Dkt. 296) is **DENIED**.

SO ORDERED.

Dated: July 10, 2019                                          s/Mark A. Goldsmith
    Detroit, Michigan                         MARK A. GOLDSMITH
                                                            United States District Judge