UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

          Plaintiff,

v.                                     Case No. 17-cr-20183
                                     Hon. Mark A. Goldsmith

D-5 HAROLD NERO,

          Defendant.

_____/

## OPINION & ORDER
## DENYING DEFENDANT HAROLD LASHAWN NERO'S MOTION FOR BILL OF PARTICULARS (Dkt. 217)

This criminal case involves multiple defendants, all of whom were indicted by a grand jury on charges stemming from their alleged roles in a large human trafficking and drug distribution conspiracy at the Victory Inn Hotel on Michigan Avenue in Detroit, Michigan. Defendant Harold Lashawn Nero has filed a motion for a bill of particulars (Dkt. 217),[1] to which the Government has filed a response in opposition to the motion (Dkt. 221). No reply brief was filed. For the reasons stated below, the Court denies the motion.

## I. BACKGROUND

Because the Court has previously described the factual and procedural background of this case in greater detail in other opinions, it need not do so again for purposes of the present motion. See, e.g., 7/15/2019 Op. & Order (Dkt. 306) (denying Defendant Ford's motion for bond).

## II. STANDARD OF DECISION

---

[1] Defendant Terry Pruitt joins the motion with respect to Counts 2, 9, 10, 12, 15, 17, and 18 (Dkt. 246), and Defendant Charles Thomas Ford, Jr. also joins the motion (Dkt. 252).

Under Federal Rule of Criminal Procedure 7(c), an indictment must include a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It is well known that an indictment is legally insufficient unless "it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974); see also United States v. Schaffer, 586 F.3d 414, 422 (6th Cir. 2009) ("[T]he indictment must: (1) 'set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces,' and (2) 'be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts.'" (quoting United States v. Douglas, 398 F.3d 407, 411 (6th Cir. 2005))); United States v. Chichy, 1 F.3d 1501, 1504 n.3 (6th Cir. 1993) ("An indictment as drafted is presumed sufficient if it tracks the statutory language, cites the elements of the crimes charged, and provides approximate dates and times." (collecting cases)).

Although an indictment may be legally sufficient for purposes of Rule 7(c) and Hamling, it may nonetheless fail to provide enough detail to enable a defendant to meaningfully prepare for trial. Accordingly, Rule 7(f) states that the Court "may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f); see also 1 Charles Alan Wright, et al., Federal Practice and Procedure § 130 (4th ed.) ("A bill of particulars is a formal written statement by the prosecutor providing details of the charges against the defendant."). A bill of particulars is meant to serve the following purposes:

> (1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to enable him to plead his acquittal or conviction in bar of another

> prosecution for the same offense where the indictment itself is too vague, and indefinite for such purposes.

United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976); see also United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993) ("A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes."). According to the Sixth Circuit, "the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." United States v. Musick, 291 F. App'x 706, 724 (6th Cir. 2008); see also United States v. Kogan, 283 F. Supp. 3d 127, 132 (S.D.N.Y. 2017) ("[T]he proper inquiry on a motion to compel a bill of particulars is whether the information sought is necessary, not whether it is helpful.").

Importantly, a bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." Salisbury, 983 F.2d at 1375; see also United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985) (holding that a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation."); United States v. Martin, 822 F.2d 1089, at *3 (6th Cir. 1987) (Table) (per curiam) ("[A] bill of particulars is not to be used as a general discovery device. . . . This is particularly so in a conspiracy case where the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy."). For example, a "defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial." Musick, 291 F. App'x at 724. Nor is a bill of particulars meant to allow the defendant a preview of the Government's legal theory of the case. Kogan, 283 F. Supp. 3d at 132.

### III. DISCUSSION

3

A grand jury indicted Nero and eight co-defendants for their alleged roles in a conspiracy at the Victory Inn. Nero is charged in nine of the nineteen counts—each time with co-conspirators. The parties agree that each count tracks the relevant statutory language. Nero Mot. at 6-7; Gov't Resp. at 6. Nero argues, however, that merely alleging the elements of a conspiracy without any facts or overt acts showing Nero participated in an alleged conspiracy spanning more than two years is constitutionally deficient. Nero Mot. at 6-7. He asserts that to prepare for trial, he needs information to narrow the time frame of his alleged involvement. Specifically, he seeks the following:

1. The approximate dates and locations of any meetings or conversations in which each defendant allegedly participated;

2. The approximate dates when each defendant allegedly aided and abetted, participated, or aided in the furtherance of the conspiracy;

3. The overt acts in which each defendant participated so that each defendant may understand the government's view of his alleged role in the conspiracy.

Id. at 7. The Government argues that the superseding indictment contains sufficient information to defeat Nero's motion, especially in light of the voluminous discovery in this case. Gov't Resp. at 3. The Court agrees with the Government.

As noted above, there are "two constitutional requirements for an indictment: 'first, [it must] contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend, and, second, [it must] enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007) (quoting Hamling, 418 U.S. at 117). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "'fully, directly, and expressly[.]'" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105

U.S. 611, 612 (1882)). An indictment "parroting the language of a federal criminal statute" is often sufficient so long as the crime is not one that must be charged with greater specificity. Id.

With respect to the drug conspiracy charges, the indictment contains sufficient allegations to pass constitutional muster. An indictment under 21 U.S.C. § 846 is sufficient if it alleges "'a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy.'" United States v. Sweeney, 688 F.2d 1131, 1140 (7th Cir. 1982) (quoting United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975)). Here, the indictment alleges that there was a conspiracy to distribute drugs, that the conspiracy was operative from 2015 through 2017, and the statutes allegedly violated. See Superseding Indictment at 14-18. Therefore, with respect to the drug conspiracy charges, no bill of particulars is warranted.

With respect to the sex trafficking conspiracy, the superseding indictment alleges that from 2015 through 2017 Defendants conspired with each other to cause victims to engage in commercial sex acts. See id. at 4-13. Although the language merely tracks the relevant statutes, in conspiracy cases, this is usually sufficient. The general rule is that "a defendant is not entitled to receive details of the government's conspiracy allegations in a bill of particulars." United States v. Wilson, 493 F. Supp. 2d 364, 372 (E.D.N.Y. 2006) (citing United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987)). Nonetheless, even if the Court were to find that the superseding indictment failed to fairly inform Defendants of the charges against which they must defend, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other gnds by statute, United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

Nero has received extensive discovery related to the charges against him in this case. Based on the volume and complexity of discovery, the Court appointed a discovery coordinator and designated this a mega case. The Government has provided defendants with almost one thousand pages of discovery, dozens of videos, and approximately 15,000 hours of surveillance video from the Victory Inn (subsequently identifying over 1,800 suspected criminal events from the surveillance video). Defendants, either through the discovery coordinator or directly, have access to thousands of additional pages of hotel records (which provides specific names and dates) and phone records.

Nero has received extensive discovery, which cures any possible defect with the superseding indictment. The superseding indictment read in conjunction with the extensive discovery Defendants have received from the Government convinces the Court that Defendants are adequately informed about the details of the conspiracy charges such that they may meaningfully prepare a defense, avoid the potential for prejudicial surprise at trial, and preclude a second prosecution for the same crime. In other words, while the requested information may be helpful to Defendants, it is not necessary to the preparation of their defenses and avoidance of prejudicial surprise. Musick, 291 F. App'x at 724.

Additionally, the information sought by Nero appears to be nothing more than discovery requests. The requests for further details about the conspiracy are precisely the sort that courts typically deny under these circumstances. See, e.g., United States v. Jones, No. 10 Cr. 905, 2013 WL 12180869 (S.D.N.Y Dec. 16, 2013) (denying the defendant's request for a bill of particulars identifying, among other things, the specific time period in which the defendant allegedly participated in the enterprise); Wilson, 493 F. Supp. 2d at 372 ("easily" denying the defendant's requests for the dates he allegedly joined the racketeering enterprise, the dates and location of any

related meetings he attended, the dates he last participated in the conspiracy, and the nature of overt acts he committed in further of the conspiracy and with whom he did so).

Accordingly, Nero's motion for a bill of particulars is denied.

### IV. CONCLUSION

For the reasons stated above, the Court denies Nero's motion for a bill of particulars (Dkt. 217).

SO ORDERED.

Dated:  August 6, 2019                                   s/Mark A. Goldsmith
      Detroit, Michigan                              MARK A. GOLDSMITH
                                        United States District Judge