UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.

DARRICK DERNARD BELL, et al.

        Defendants.
_____/

Case No. 17-cr-20183
Hon. Mark A. Goldsmith

**ORDER**
**DENYING DEFENDANT HAROLD LASHAWN NERO'S MOTION FOR ORDER**
**ALLOWING DEPOSITION OF DEFENSE WITNESSES (Dkt. 293)**

This matter is before the Court on Harold Lashawn Nero's motion for an order allowing deposition of defense witnesses (Dkt. 293). Nero seeks to conduct several pretrial depositions of defense witnesses who he fears will be unavailable at trial due to their dangerous and itinerant lifestyles. The Government filed a response opposing Nero's motion (Dkt. 300), and Nero filed a reply brief in support of his motion (Dkt. 301). For the reasons stated below, Nero's motion will be denied.

**I.    BACKGROUND**

This criminal case involves multiple defendants, all of whom were indicted by a grand jury on charges stemming from their alleged roles in a large human trafficking and drug distribution conspiracy at the Victory Inn Hotel on Michigan Avenue in Detroit, Michigan. During discovery, the Government disclosed video footage containing three "suspicious incidents" that it says supports the charges of sex trafficking and conspiracy to distribute narcotics against Nero. Nero Mot. at 5. Defense counsel investigated the incidents and has located witnesses who he believes will help prove Nero's innocence. Id. at 6. However, defense counsel says that the witnesses

1

identified have no permanent homes, they are addicted to heroin and live lifestyles that are troubled, itinerant, and dangerous. Id.

## II. LEGAL STANDARD

The use of deposition testimony in criminal cases is highly disfavored, primarily because it impairs the factfinders' ability to observe a deponent's demeanor, and because such use tends to diminish a defendant's Sixth Amendment confrontation rights. United States v. Drogoul, 1 F.3d 1546, 1552 (11th Cir. 1993); United States v. McKeeve, 131 F.3d 1, 8 (1st Cir. 1997). A party must show "exceptional circumstances . . . in the interest of justice" to depose a prospective witness and to use that deposition testimony at trial. Fed. R. Crim. P. 15(a)(1). Physical unavailability is "but one factor in determining whether exceptional circumstances in the interests of justice exist." United States v. Johnson, 752 F.2d 206, 209 (6th Cir. 1985) (internal marks omitted) (citing 2 Wright, Fed. Prac. & Proc.: Crim. 2d, § 242 (1982)). Other factors include considering whether "injustice will otherwise result without the material testimony that the deposition could provide," and whether "countervailing factors would make the deposition unjust to the nonmoving party." United States v. Thomas, 62 F.3d 1332, 1341 (11th Cir. 1995).

## III. DISCUSSION

Nero argues that the witnesses he seeks to depose are material to his defense, but that they have itinerant and dangerous lifestyles that make it uncertain whether they will appear to testify at trial. Nero Mot. at 12-13. However, even assuming that all of these witnesses are material to Nero's defense and that there would be no prejudice to the Government in taking a pretrial deposition, speculation that witnesses may become unavailable in the future does not constitute exceptional circumstances, United States v. Patrick, No. 16-CR-20390, 2017 WL 1036092, at *5 (E.D. Mich. Mar. 17, 2017).

There must be more than mere doubt that a material witness will be unavailable to warrant a pretrial deposition. For example, exceptional circumstances exist where a witness is outside the country, and therefore beyond a court's subpoena power, and is unlikely to voluntarily cross an international border illegally to attend trial. United States v. Farfan-Carreon, 935 F.2d 678, 680 (5th Cir. 1991). Exceptional circumstances may also exist where a witness refuses to testify due to safety concerns, Johnson, 752 F.2d at 208, or witnesses are of advanced age such that physical infirmities make it impossible to testify at trial, United States v. Keithan, 751 F.2d 9, 12 (1st Cir. 1984). By contrast, courts have denied pretrial depositions where a witness speculates that he may have work commitments in a foreign country during trial, United States v. Kassar, 572 F. Supp. 2d 375, 377 (S.D.N.Y. 2008), or a witness will have brain surgery on the first day of a six-week trial and "may" lose her ability to testify later in the trial, United States v. Daniels, 194 F.R.D. 700, 702 (D. Kan. 2000).

Here, the trial is expected to last several months. Although some of Nero's witnesses are difficult to locate, there will be time to find them both before and during trial. Nero has not met his burden of showing exceptional circumstances to warrant pretrial depositions of defense witnesses. Therefore, Nero's motion is denied.

## IV.   CONCLUSION

For the reasons stated above, Nero's motion for an order allowing deposition of defense witnesses (Dkt. 293) is denied.

SO ORDERED.

Dated: August 14, 2019          s/Mark A. Goldsmith
   Detroit, Michigan              MARK A. GOLDSMITH
                                    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 14, 2019.

s/Amanda Chubb<br>Case Manager