United States District Court
Eastern District of Michigan
Southern Division

| | |
|---|---|
| United States of America, | Criminal No. 17-20183 |
| Plaintiff, | Hon. Mark A. Goldsmith |
| v. | |
| D-5 Harold Lashawn Nero, | |
| Defendant. | |
_____/

**Government's Motion to Strike Nero's Untimely
Motion to Suppress Evidence and to Stay Response (R. 343)**

On September 6, 2018, the Court—by stipulation of the parties—set a November 14, 2018 motion cut-off. (R. 206: Stipulation and Order Setting Motion Cut-off). Over a year later and more than 10 months after the Court's motion deadline, Defendant Harold Lashawn Nero filed a motion to suppress his voluntary statements. (R. 343: Motion to Suppress). Nero failed to mention the Court's motion deadline and did not attempt to make the necessary good cause showing for his violation of the Court's September 6, 2018 Order, or for this long delay. Because Nero could have previously filed this motion, he cannot show Rule 12 good cause within the Sixth Circuit. The Court should strike his untimely motion for these reasons.

Pursuant to Local Rule 7.1, the government explained the nature of the motion and its legal basis and requested concurrence in the relief sought, but Defendant did not concur.

1

## Government's Brief in Support of its Motion

### I.   Statement of Facts

The Court's September 6, 2018 Order—by stipulation of the parties—established the deadline for motions as November 14, 2018. (R. 206: Stipulation and Order Setting Motion Cut-off). Nero filed several motions (including for suppression) within the established time. (R. 211, 217, 218, 241). He also joined or concurred in several codefendant motions. (R. 233: Joining and Concurring in R. 232; R. 249 Joinder in R. 235, 236, 237, 238, and 239).

On September 18, 2019, more than 10 months after the deadline, Nero filed another motion to suppress. (R. 343: Motion to Suppress). His motion does not mention the Court's September 6, 2018 Order, the motion cut-off, or Rule 12.

### II.   Argument

### A.   Nero has not shown good cause for another suppression motion

"Under the Federal Rules of Criminal Procedure, motions to suppress evidence must be raised by pretrial motion before the deadline set by the district court. Fed.R.Crim.P. 12(b)(3)(C),(c)." *United States v. Walden*, 625 F.3d 961, 964 (6th Cir. 2010). The Court's motion deadline in this case was November 14, 2018. (R. 206).

"If a party fails to raise a defense or objection that must be made by pretrial motion before the deadline, that defense or objection is waived." *Id. See also* Fed.R.Crim.P. 12(e); *United States v. Kincaide*, 145 F.3d 771, 778 (6th Cir. 1998). "The potential harshness of a strict application of this rule is mitigated by a safety valve that

2

allows district courts to grant relief from the waiver for 'good cause.'" *Walden*, 625 F.3d at 964.

Nero never mentions Rule 12, nor does he attempt to make the requisite good cause showing. Nero has had the relevant discovery and could have previously filed this motion, so he cannot show good cause for his late filing. *See United States v. Gulley*, No. 18-3577, 2019 WL 3035753, at *6 (6th Cir. July 11, 2019) ("We have repeatedly held that good cause to excuse non-compliance with a court-ordered deadline is absent if the failure to timely file resulted from the lawyer's decision not to file a pretrial motion before the deadline."); *see also Walden*, 625 F.3d at 964 ("if the failure to timely file occurred as a result of a lawyer's conscious decision not to file a pretrial motion before the deadline, the party seeking a waiver will not be able to establish good cause."). Instead, he filed it over 10 months later.

Nero has not shown good cause within the meaning of Rule 12. *See Gulley*, 2019 WL 3035753, at *6 (Denying second motion to suppress even where defendant claimed "information . . . only became available after the court's deadline").

**B.    The government request a stay of the time to respond**

The government requests that the Court stay the time to respond to Nero's suppression motion until seven days after the Court has determined whether Nero can make the required good cause showing for his untimely motion.

3

### III. <u>Conclusion</u>

This Court should strike Nero's untimely motion (R. 343).

                                    Respectfully Submitted,

                                    Matthew Schneider
                                    United States Attorney

                                  <u>/s Jerome F. Gorgon Jr.</u>
                                  JEROME F. GORGON JR.
                                  Assistant United States Attorney
                                  211 West Fort Street, Suite 2001
                                  Detroit, Michigan  48226-3211
                                  (313) 226-9676
                                  jerome.gorgon@usdoj.gov

Date: October 4, 2019

5

## Certificate of Service

I hereby certify that on October 4, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to the attorneys of record, including Mark Magidson.

       /s Jerome F. Gorgon Jr.
JEROME F. GORGON JR.
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan  48226-3211
(313) 226-9676
jerome.gorgon@usdoj.gov