United States District Court
Eastern District of Michigan
Southern Division

| | |
|---|---|
| United States of America, | Criminal No. 17-20183 |
| Plaintiff, | Hon. Mark A. Goldsmith |
| v. | |
| D-5 Harold Lashawn Nero, | |
| Defendant. | |
| _____/ | |

**Government's Reply in Support of Motion to Strike Nero's Untimely Motion to Suppress Evidence and to Stay Response (R. 343, R. 346, and R 347)**

Defendant Harold Lashawn Nero's response to the government's motion to strike concedes all of the operative facts, does not distinguish the case law, and fails to show good cause. The Court should grant the government's motion to strike his 10-month-late motion.

**Argument**

Defense counsel was aware of this suppression claim well before the deadline—and Defendant stipulated to that deadline. (R. 206). Defendant claims he was waiting on the results of a urine test to "bolster" (as opposed to file) his motion to suppress. Defendant knew this test did not exist. Even the report of his interview never mentions such a test because defendants are not urine-tested during a search warrant. Defendant had this information well before the motions deadline and it was an exhibit to the government's response to Defendant's timely motion to suppress (R. 225: Ex 5).

1

Defendant does not distinguish the Sixth Circuit cases cited by the government. He also cites no support for the proposition that enforcing Rule 12—when defendant has failed to show good cause—is "arbitrary." Defendant ignored the deadline and wants to subject the government to additional hearings. The purpose of Rule 12 is to prevent this prejudice. The commentary to Rule 12 notes that establishing a deadline "encourage[s] . . . a single hearing rather than in a series of hearings [and] is the recommendation of the American Bar Association's Committee on Standards Relating to Discovery and Procedure Before Trial (Approved Draft, 1970); see especially §§ 5.2 and 5.3." *See* Fed. R. Crim. P. 12, ADVISORY COMMITTEE NOTES. Defendant had ample opportunity to file motions and exercised that ability by filing several motions. Agents interviewed Defendant on January 12, 2017, but he waited over two years to file a motion to suppress that interview.

Defendant could have previously filed this motion because he knew no test existed (and was not needed to file a motion), and he cannot show Rule 12 good cause within the Sixth Circuit. *See United States v. Musick*, 291 F. App'x 706, 723 (6th Cir. 2008) ("there is no reason to upset the district court's finding that appellant missed deadlines and had not shown good cause for doing so. The district court is correct that additional disclosures were not necessary for appellant to challenge the legality of the searches"). This would also be true if—somehow—Defendant had later learned that no "bolstering" test existed. *See United States v. Gulley*, No. 18-3577, 2019 WL 3035753, at *6 (6th Cir. July 11, 2019) (Denying second motion to suppress even where defendant claimed "information . . . only became available after the court's deadline").

2

The Court should strike his untimely motion for these reasons.

## III. Conclusion

This Court should strike Nero's untimely motion (R. 343).

        Respectfully Submitted,

        Matthew Schneider
        United States Attorney

        /s Jerome F. Gorgon Jr.
        JEROME F. GORGON JR.
        Assistant United States Attorney
        211 West Fort Street, Suite 2001
        Detroit, Michigan 48226-3211
        (313) 226-9676
        jerome.gorgon@usdoj.gov

Date: October 9, 2019

## Certificate of Service

I hereby certify that on October 9, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to the attorneys of record, including Mark Magidson.

    /s Jerome F. Gorgon Jr.
JEROME F. GORGON JR.
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan  48226-3211
(313) 226-9676
jerome.gorgon@usdoj.gov