UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                      Case No. 17-20183

               Plaintiff,                      HON. MARK A. GOLDSMITH

v.

HAROLD LASHAWN NERO,

               Defendant.

_____/

## ORDER
## GRANTING GOVERNMENT'S MOTION FOR CONTINUANCE AND FINDING EXCLUDABLE DELAY (Dkt. 366)

This matter is before the Court on the Government's motion to continue and for excludable delay (Dkt. 366). On November 1, 2019, this Court held a telephonic status conference, where all defense counsel were present, and Defendants Darrick Bell, Janette Tawfik Gaggo, Terry Pruitt, Michael Randol, Shelvie Avery, Charles Ford, Kack Hana Yako, and Kemal Gabrail agreed on the record to waive their rights under the Speedy Trial Act and to excludable delay through the trial date of September 9, 2020, and to certain other dates for motion cut-off for Defendants Bell and Ford (April 1, 2020), motion in limine cut-off for all other Defendants (January 3, 2020), plea cut-off (June 9, 2020), and final pretrial hearing (July 7, 2020). Defendant Lashawn Nero alone refused to waive his rights under the Speedy Trial Act, prompting the Government to file the instant motion. For the reasons that follow, the Court grants the Government's motion.

The Speedy Trial Act mandates that a defendant be brought to trial within seventy days of filing or public notice of "the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date

last occurs." 18 U.S.C. § 3161(c)(1). In cases where "multiple defendants are charged together and no severance has been granted, one speedy trial clock governs." United States v. Cope, 312 F.3d 757, 776 (6th Cir. 2002). Thus, "the excludable delay of one defendant is ascribed to that of all of his co-defendants." Id. at 776-77.

Here, all Defendants stipulated to waivers covering May 23, 2017 to November 14, 2017, and then to May 23, 2018. Thus, May 23, 2018, was the operative date. On May 30, 2018, the Government filed a motion for continuance and finding excludable delay (Dkt. 191). The Court issued an order granting the Government's motion and finding excludable the period up to November 18, 2018 (Dkt. 200). November 18, 2018, then became the operative date. On November 15, 2018, the Government filed a second motion for continuance and finding excludable delay (Dkt. 250), and the Court subsequently issued an order granting the Government's motion and finding excludable the period up to January 6, 2020 (Dkt. 273). January 6, 2020, therefore, became the operative date that currently governs the proceedings.

The Speedy Trial Act, however, contains numerous provisions preventing the seventy-day period from running, including delay due to continuances granted by district courts. Such delays are excluded from the seventy-day period if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). For the time of the delay to be excludable, a court must state on the record "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id. When granting such an "ends-of-justice" continuance, a district court should weigh factors such as (i) whether a miscarriage of justice could result, (ii) the complexity of the case and time needed for preparation, and (iii) the continuity of counsel. 18 U.S.C. § 3161(h)(7)(B).

The Government argues that these factors weigh in favor of granting a continuance.  It points out that the Court found this case to be a "mega case" under the Criminal Justice Act, based on the volume of discovery, the number of Defendants, and the expected length of trial.[1] Further, the parties are reviewing approximately 15,000 hours of surveillance video, and the Government has been in the process of providing a Review List of potentially inculpatory events to Defendants.  The Government represents that additional discovery materials, including telephone records and anticipated material governed under the Jencks Act, are also forthcoming. The Government notes that the review process is delayed, in part, because Defendant Bell evaded arrest and did not make his initial appearance until August 1, 2019.  Eight defendants (all except Defendant Nero) have requested a trial date of September 9, 2020.

The Court finds that the ends of justice are served by excluding the time between January 6, 2020, and September 9, 2020.  This case is highly complex, with voluminous discovery materials.  Notably, the case involves approximately 14,000 hours of video and 1,400 hours of audio/video.  Counsel for Defendants in this case have repeatedly stressed their inability to present an adequate defense on behalf of their clients without fully reviewing the surveillance video, a task which almost certainly could not be completed without a further exclusion of time. Indeed, a miscarriage of justice is likely should Defendants proceed to trial, as counsel would not be afforded adequate time to prepare.  While delay is certainly to be avoided, the delay here is not attributable to Government pre-indictment lethargy, as Nero claims.  Much of the delay here is attributable to the length of time necessary for defense counsel to review the many hours of video.  While Nero contends that the Government should have reviewed the video evidence

---

[1] Nero states that he "has never stipulated that this is a mega case," Def. Resp. at 2 (Dkt. 371), but his counsel stipulated to declaring the case a mega case pursuant to the Criminal Justice Act on July 17, 2017, 7/17/2017 Stip. & Order (Dkt. 83).

3

prior to indicting him, and suggests that the Government should have provided its Review Lists to Defendants sooner, the Court disagrees.   There is no indication that the Government has failed to diligently review the video or compile the Review Lists.  Indeed, the Review Lists assist defense counsel in completing their own review of the surveillance video in a timely manner.

Finally, the Court denies Nero's renewed request to sever the Defendants' trials. Although the delay is attributable in part to the recent appearance of Bell and the recent appointment of substitute counsel for Defendant Ford, counsel for all Defendants in this case have stressed their need for additional time to review the discovery materials, as noted above. Nero also argues that severance is warranted under Federal Rule of Criminal Procedure 14(a) because he will be presenting a defense antagonistic to the other Defendants and anticipates a risk of jury confusion.  Nero raised the same argument in his previous motion to sever (Dkt. 211), which the Court denied (Dkt. 308).   For the reasons stated in that opinion, the Court again rejects Nero's request to sever the Defendants' trials.

Accordingly, pursuant to 18 U.S.C. § 3161(h)(7)(A), the time between January 6, 2020, and September 9, 2020, is excluded as to Defendant Nero.

SO ORDERED.

Dated: November 20, 2019              s/Mark A. Goldsmith
Detroit, Michigan                     MARK A. GOLDSMITH
                                      United States District Judge

4