UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

*Vs*.                                     Case No. 17-cr-20183
                                        Hon. Mark A. Goldsmith

HAROLD LASHAWN NERO (D-5),

    Defendant.

_____

**DEFENDANT NERO'S MOTION IN LIMINE
TO PRECLUDE LAW ENFORCEMENT IDENTIFICATION OF
DEFENDANT NERO IN SURVEILLANCE VIDEOS AND TO PRECLUDE
THE GOVERNMENT FROM COMMENTING AS TO WHAT IS
DEPICTED IN THE VIDEOS**

    Defendant Harold Nero moves this Honorable Court to preclude the Government from identifying Nero in any video and to preclude the Government from giving any comments as to what the video depicts regarding the Victory Inn security videos, consistent with Fed. R. Evid. 701, and the protected province of the jury under the Sixth Amendment to the U.S. Constitution.

Respectfully submitted,

Date: January 2, 2020

By: /s/*Mark H. Magidson*
   MARK H. MAGIDSON (P25581)
   Attorney for Defendant Nero (D-5)
   615 Griswold, Suite 810
   Detroit, MI 48226
   (313) 963-4311
   mmag100@aol.com

**Statement Regarding Concurrence**

I certify and affirm that pursuant to E.D. Mich. LR 7.1(a)(2)(A), defense counsel sought concurrence in this motion and discovery request but did not obtain concurrence in the relief sought. E.d. Mich. LR 37.1, LR 372.

By: /s/*Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant Nero

**BRIEF IN SUPPORT OF
DEFENDANT NERO'S MOTION IN LIMINE
TO PRECLUDE LAW ENFORCEMENT IDENTIFICATION OF
DEFENDANT NERO IN SURVEILLANCE VIDEOS AND TO PRECLUDE
THE GOVERNMENT FROM COMMENTING AS TO WHAT IS
DEPICTED IN THE VIDEOS**

**FACTS**

Defendant Nero is charged in the Superseding Indictment (Doc. 98) with the following offenses: sex trafficking conspiracy; sex trafficking by force, fraud and coercion, aiding and abetting; conspiracy to distribute a controlled substance; and, maintaining drug-involved premises, aiding and abetting.

The government has thousands of hours of surveillance video from the Victory Inn ("Inn"), allegedly showing the Defendants at various times around the Inn over a two month period. The government intends to introduce that video evidence at trial, some of it without any audio recording. None of the law enforcement officers was familiar with Nero and his appearance at the time of the surveillance video recordings.

It is anticipated that the government will attempt to identify Defendant Nero in the video. The defense objects to any witness identifying Nero in any video recording unless that witness is a res gestae witness who was also present in the

video. Defendant is further seeking an Order that would preclude the Government from commenting as to what is being viewed in the video(s)

## ARGUMENT

The "'truth of every accusation' against a defendant 'should afterwards be confirmed by the unanimous suffrage of twelve of his equals and neighbors.'" *Blakely v. Washington*, 542 U.S. 296, 301, 124 S. Ct. 2531, 2536 (2004)(citing 4 W. Blackstone, *Commentaries on the Laws of England* 343 (1769)).

Fed. R. Evid. 701 permits lay opinion testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

"The primary purpose of Rule 701 is to allow nonexpert witnesses to give opinion testimony when, as a matter of practical necessity, events which they have personally observed cannot otherwise be fully presented to the court or the jury." *Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 846 (10th Cir. 1979) (citing Weinstein's Evidence P 701(02) (1977)).

Here, Defendant Nero moves this Court to preclude lay identification, depiction, and opinion by law enforcement witnesses because it invades the province of the jury and is not "helpful to the determination of a fact in issue"

under Rule 701.

"[S]uch testimony is admissible, at least when the witness possesses sufficiently relevant familiarity with the defendant that the jury cannot also possess, and when the photographs are not either so unmistakably clear or so hopelessly obscure that the witness is no better-suited than the jury to make the identification." *United States v. Jackman*, 48 F.3d 1, 4-5 (1st Cir. 1995).

The following factors as relevant to the analysis of preclusion: (1) the witness's general level of familiarity with the defendant's appearance; (2) the witness's familiarity with the defendant's appearance at the time the surveillance photograph was taken or when the defendant was dressed in a manner similar to the individual depicted in the photograph; (3) whether the defendant had disguised his appearance at the time of the offense; and (4) whether the defendant had altered his appearance prior to trial." *United States v. Dixon*, 413 F.3d 540, 545-46 (6th Cir. 2005)(quoting *United States v. Pierce*, 136 F.3d 770, 774 (11th Cir. 1998); and citing *United States v. Farnsworth*, 729 F.2d 1158, 1160 (8th Cir. 1984)).

*Farnsworth* held that "[a] witness's opinion concerning the identity of a person depicted in a surveillance photograph is admissible if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury. This criteria is fulfilled where the witness is familiar with the defendant's appearance around the time the surveillance

photograph was taken and the defendant's appearance has changed prior to trial." *Farnsworth*, 729 F.2d at 1160.

"Other important factors are the degree of clarity of the surveillance photograph and the quality and completeness with which the subject is depicted in the photograph. Lay opinion identification testimony is more likely to be admissible, for example, where the surveillance photograph is of poor or grainy quality, or where it shows only a partial view of the subject." *Dixon*, 413 F.3d at 545.

The Ninth Circuit Court of Appeals has also analyzed the issue:

Lay opinion testimony of the type given by [officer] Miller is of dubious value. The jury, after all, was able to view the surveillance photos and [defendant] LaPierre and make an independent determination whether it believed that the individual pictured in the photos was in fact LaPierre. Miller's testimony therefore ran the risk of invading the province of the jury and unfairly prejudicing LaPierre. For these reasons we have held that while lay opinion testimony of this sort is sometimes permissible, "**the use of lay opinion identification by policemen or parole officers is not to be encouraged, and should be used only if no other adequate identification testimony is available to the prosecution**." Our cases upholding the use of testimony of this type have been limited to two types. The first type is those in which the witness has had substantial and sustained contact with the person in the photograph. The second type is those in which the defendant's appearance in the photograph is different from his appearance before the jury and the witness is familiar with the defendant as he appears in the photograph. The common thread binding these two types of cases is that in both there is reason to believe that the witness is more likely to correctly identify the person than is the jury. (Emphasis added.)

[*United States v. LaPierre*, 998 F.2d 1460, 1465 (9th Cir. 1993)(citations omitted).]

Considering the *Dixon* factors in this case, the law enforcement officers did not know Nero and had not seen him in person at the time he was recorded. Their knowledge of his appearance is from the surveillance videos and his later arrest. Nero was dressed in a normal manner in the surveillance video; he was not in any obscuring disguise. Nero's appearance and his appearance at the time of the alleged offenses is not significantly different, and he has not altered his appearance.

There is also no basis for concluding that the law enforcement witnesses are more likely to correctly identify the defendant from the surveillance video than the jury. Just as in *Dixon*, the surveillance video here "is not of particularly poor or grainy quality, and it fully depicts the suspect's body from the waist up." *Dixon*, 413 F.3d at 546. Further, there is no justification for the Government giving its version as to what is being depicted in the videos. That is left to the jury to determine.

WHEREFORE, Defendant Nero (D-5) moves this Honorable Court to preclude the law enforcement witness, law opinion identification of Nero in any of the Victory Inn security videos, and to preclude the Government from commenting on any activity depicted in the videos.

Date: January 2, 2020

Respectfully submitted,

By: /s/*Mark H. Magidson*
    MARK H. MAGIDSON (P25581)
    Attorney for Defendant Nero (D-5)
    615 Griswold, Suite 810
    Detroit, MI 48226
    (313) 963-4311
    mmag100@aol.com

## CERTIFICATE OF SERVICE

I certify that on January 2, 2020, I electronically filed the above *Motion in Limine* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

By: /s/*Mark H. Magidson*
    MARK H. MAGIDSON (P25581)
    Attorney for Defendant Nero (D-5)