UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17-20183 |
| Plaintiff, | HON. MARK A. GOLDSMITH |
| v. | |
| HAROLD LASHAWN NERO, | |
| Defendant. | |

**OPINION & ORDER
GRANTING THE GOVERNMENT'S MOTION FOR CONTINUANCE AND FINDING
EXCLUDABLE DELAY (Dkt. 478)**

This matter is before the Court on the Government's motion to continue and for excludable delay (Dkt. 478). Following a telephonic status conference held on April 28, 2020, where all defense counsel were present, Defendants Darrick Bell, Janette Tawfik Gaggo, Shelvie Avery, Terry Pruitt, Michael Randol, Charles Ford, Jack Hana Yako, and Kemal Gabrail filed a stipulation waiving their rights under the Speedy Trial Act and agreeing to excludable delay through a new trial date to be set by the Court. See 5/6/20 Stipulation & Order (Dkt. 453). The Court entered an order finding a period of excludable delay through a new trial date of January 11, 2021. Id. Defendant Harold Lashawn Nero alone refused to waive his rights under the Speedy Trial Act, prompting the Government to file the instant motion. Nero opposes the Government's motion both on statutory and constitutional grounds. For the reasons that follow, the Court grants the Government's motion.

1

## I. DISCUSSION

### A. Continuance Under 18 U.S.C. § 3161(h)(7)(A)

The Speedy Trial Act mandates that a defendant be brought to trial within seventy days of filing or public notice of "the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In cases where "multiple defendants are charged together and no severance has been granted, one speedy trial clock governs." United States v. Cope, 312 F.3d 757, 776 (6th Cir. 2002). Thus, "the excludable delay of one defendant is ascribed to that of all of his co-defendants." Id. at 776-77.

Here, all Defendants stipulated to waivers covering the period from May 23, 2017 to November 14, 2017, and then to May 23, 2018. Thus, May 23, 2018, was the operative date. On May 30, 2018, the Government filed a motion for continuance and finding excludable delay (Dkt. 191). The Court issued an order granting the Government's motion and finding excludable the period up to November 18, 2018, the new operative date (Dkt. 200). On November 15, 2018, the Government filed a second motion for continuance and finding excludable delay (Dkt. 250). The Court subsequently issued an order granting the Government's motion and finding excludable the period up to January 6, 2020 (Dkt. 273). Finally, the Government filed a third motion for continuance and finding excludable delay on November 5, 2019 (Dkt. 366). The Court granted this motion and found excludable the period up to September 9, 2020 (Dkt. 373). Thus, September 9, 2020, became the operative date that currently governs the proceedings.

The Speedy Trial Act, however, contains numerous provisions preventing the seventy-day period from running, including delay due to continuances granted by district courts. Such delays are excluded from the seventy-day period if "the ends of justice served by taking such

action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). For the time of the delay to be excludable, a court must set forth on the record "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id. When granting such an "ends-of-justice" continuance, a district court should weigh factors such as (i) whether failure to grant a continuance would render continuation of the proceedings impossible, or result in a miscarriage of justice, (ii) the complexity of the case and time needed for preparation, and (iii) the continuity of counsel. 18 U.S.C. § 3161(h)(7)(B).

The Government argues that these factors weigh in favor of granting a continuance. First, it contends that a continuance is necessary under 18 U.S.C. § 3161(h)(7)(B)(i), as continuation of the case would be impossible in light of the exigent circumstances presented by the COVID-19 pandemic. The Court agrees. Since March 23, 2020, the State of Michigan has operated under a series of executive orders directing residents to stay at home and to suspend activities not necessary to sustain or protect life.[1] Though many of these restrictions were lifted on June 8, 2020, see EO 2020-110, the Court nevertheless remains closed to the public. The Court has indefinitely postponed in-court proceedings, including trials, given the "reduced ability to obtain an adequate spectrum of jurors," and recommendations from public health organizations to limit the presence of counsel and court personnel in the courtroom. Administrative Order 20-AO-021. It further issued a blanket determination of excludable delay for Speedy Trial purposes. Id. It is uncertain when the Court will reopen to personnel or the public, let alone when jury trials will resume.

---

[1] See Executive Orders (EO) 2020-21, 2020-42, 2020-59, 2020-77, 2020-96, and 2020-100, available at https://www.michigan.gov/coronavirus/0,9753,7-406-98178_98455-521682--,00.html (last visited June 10, 2020).

3

In light of the grave public health concerns at stake, it unlikely that an in-person jury trial—particularly where the trial in this case is expected to last for several months—can safely and realistically occur in the courtroom until, at the earliest, January 2021. Counties in the Eastern District of Michigan continue to report new cases of COVID-19, as well as new deaths attributable to COVID-19.[2] A vaccine will likely not become available until the end of the year, at the earliest.[3] Based on these circumstances and the uncertainties surrounding COVID-19, the Court concludes that it is unable to hold a jury trial in a manner that promotes public safety until, at the earliest, January 2021. Accordingly, the ends of justice are served by excluding the time between September 9, 2020, and January 11, 2021.

Second, the Government maintains that a continuance is necessary under 18 U.S.C. § 3161(h)(7)(B)(ii), as counsel cannot adequately prepare for trial within the present timeframe. As the Government points out, the Court has previously declared this case to be a "mega case" under the Criminal Justice Act, based on the volume of discovery, the number of Defendants, and the expected length of trial.[4] In addition, the Government contends that certain pandemic-related restrictions hinder counsel's ability to effectively prepare for trial. Specifically, defense counsel are currently unable to meet with detained clients, as many jails have suspended attorney visitation. Office and business closures, as well as travel restrictions, have further prevented defense counsel and counsel for the Government from accessing discovery materials and

---

[2] See https://www.michigan.gov/coronavirus/0,9753,7-406-98163_98173---,00.html (last visited June 3, 2020).

[3] See https://www.forbes.com/sites/brucejapsen/2020/06/02/fauci-modernas-phase-3-covid-19-vaccine-trial-will-include-30000-young-and-old-individuals/#76eb7c574f75 (last visited June 3, 2020).

[4] Nero states that he "has never stipulated that this is a mega case," Def. Resp. at 3 (Dkt. 481), but his counsel stipulated to declaring the case a mega case pursuant to the Criminal Justice Act on July 17, 2017, 7/17/17 Stip. & Order (Dkt. 83).

4

interviewing witnesses.[5] Given the complexity of the case, coupled with counsel's inability to effectively prepare for trial as a result of pandemic-related restrictions, eight Defendants (all except Nero) have stipulated to a new trial date of January 11, 2021.

The Court agrees that the case is highly complex, with voluminous discovery materials—including approximately 14,000 hours of surveillance video—and dozens of potential witnesses. Counsel for eight Defendants have stipulated that they are unable to effectively prepare for trial by accessing and reviewing necessary discovery, meeting with their clients, and interviewing witnesses—all activities that have been curtailed under restrictions, policies, and recommendations designed to mitigate the spread of COVID-19. See 5/6/20 Stipulation & Order. Therefore, a miscarriage of justice is likely should Defendants proceed to trial, as counsel would not be afforded adequate time to prepare.

While delay is certainly to be avoided, the delay here is not attributable to the Government's pre-indictment lethargy, as Nero claims. The present delay is primarily attributable to restrictions aimed at mitigating the public health risks presented by the unprecedented COVID-19 pandemic—delays for which Government counsel is not responsible. Additionally, much of the delay is attributable to the length of time that has been necessary for defense counsel to review the extensive discovery materials. While Nero once again contends that the Government should have reviewed the video evidence prior to indicting him, and suggests that the Government should have provided its Review Lists to Defendants sooner, the Court disagrees. There is no indication that the Government has failed to diligently review the video or compile the Review Lists. Indeed, the Review Lists assist defense counsel in

---

[5] The Government further contends that the Speedy Trial Act mandatorily excludes delay resulting from the unavailability of the defendant or an essential witness. See 18 U.S.C. §§ 3161(h)(3)(A), 3161(h)(4). Although the Government suggests that some witnesses may be unable to appear at trial due to travel restrictions, it does not specify whether these witnesses would be essential.

completing their own review of the surveillance video in a timely manner. The ends of justice are thus served by excluding the time between September 9, 2020, and January 11, 2021.

The Court denies Nero's renewed request to sever the Defendants' trials. Nero again argues that severance is warranted because he will be presenting a defense antagonistic to the other Defendants and anticipates a risk of jury confusion. Nero raised the same argument in a motion to sever (Dkt. 211), which the Court denied (Dkt. 308). For the reasons stated in that opinion, the Court again rejects Nero's request to sever the Defendants' trials.

### B. Sixth Amendment Right to a Speedy Trial

Nero contends that his Sixth Amendment right to a speedy trial would be violated if the Court were to grant a continuance, given that he will have been incarcerated for three-and-a-half years before trial is to begin on January 11, 2021. When evaluating a speedy trial claim under the Sixth Amendment, court must balance four factors: "(1) whether [the] delay before trial was uncommonly long, (2) whether the government or the criminal defendant is more to blame for that delay, (3) whether, in due course, the defendant asserted his right to a speedy trial, and (4) whether he suffered prejudice as the delay's result." Wilson v. Mitchell, 250 F.3d 388, 394 (6th Cir. 2001) (internal marks omitted). The Sixth Circuit has noted that while compliance with the Speedy Trial Act does not bar Sixth Amendment speedy trial provision claims, "'it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to speedy trial has been violated.'" United States v. O'Dell, 247 F.3d 655, 667 (6th Cir. 2001) (quoting United States v. DeJesus, 887 F.2d 114, 116 n.1 (6th Cir. 1989)).

In evaluating the grounds for a continuance under the Speedy Trial Act, the Court has in large part addressed these factors. First, although the pretrial delay has been lengthy, it has not been unreasonable or unduly prejudicial in light of the scale and complexity of this matter, and the need for counsel to adequately prepare. And the length of the present continuance is

6

necessary given the exigencies presented by the COVID-19 pandemic. Second, because the delay is objectively necessary in light of these reasons, neither the Government nor Defendants are to blame for such delay. Third, while Nero has vigorously asserted his right to a speedy trial throughout the litigation, eight of the nine Defendants in this matter do not oppose the instant motion. Finally, any prejudice suffered by Nero from the delay is outweighed by the benefit he and the public will receive from ensuring that trial can safely take place and that there is no rush to judgment in this complex case involving the alleged operation of an expansive and sophisticated drug- and human-trafficking conspiracy. Therefore, the Court concludes that the continuance does not violate the Sixth Amendment's guarantee of a speedy trial.

## II. CONCLUSION

For the foregoing reasons, the Court grants the Government's motion to continue and for excludable delay (Dkt. 478). Accordingly, pursuant to 18 U.S.C. § 3161(h)(7)(A), the time between September 9, 2020, and January 11, 2021, is excluded as to Defendant Nero.

Accordingly, the Court sets the following dates:

A. September 3, 2020, for the government and all Defendants to submit a joint statement with a proposed jury questionnaire;

B. September 3, 2020, the government will disclose Rule 16 material not covered by the Jencks Act;

C. October 13, 2020, the government will disclose its witness list and contact information, unless there is a security reason for withholding a name and contact information;

D. October 13, 2020 @ 10:00 a.m., for a final plea cut-off hearing;

E. November 12, 2020 @ 10:00 a.m., for the final pretrial conference; and

    F.  November 12, 2020, the government will disclose Brady material not covered by the Jencks Act; and

    G.  January 11, 2021 @ 8:30 a.m., trial will begin.

SO ORDERED.

Dated: June 11, 2020                                    s/Mark A. Goldsmith
Detroit, Michigan                                      MARK A. GOLDSMITH
                                                                         United States District Judge