**United States District Court**
**Eastern District of Michigan**
**Southern Division**

| | |
|---|---|
| United States of America, | Criminal No. 17-20183 |
| Plaintiff, | Honorable Mark A. Goldsmith |
| v. | |
| D-5 Harold Lashawn Nero, | |
| Defendant. | |
| _____/ | |

**Government's Motion to Strike Nero's Untimely and Improper Motion ("Supplemental Brief") and to Stay Response (R. 492)**

On September 6, 2018, the Court by stipulation of the parties set a November 14, 2018 motion cut-off. (R. 206: Stipulation and Order Setting Motion Cut-off). Ten months after the Court's motion deadline, Defendant Harold Lashawn Nero filed a motion to suppress his voluntary statements. (R. 343: Motion to Suppress). Then almost 2 years after that cut-off, he filed another motion to suppress based on a completely new basis—by challenging the search warrant. (R. 492). Perhaps to skirt the cut-off, he labeled his new motion a "supplemental brief." (*Id.*). The Court should strike this filing whether the Court treats it as a new untimely motion or a reply brief.

First, as a new motion, Nero does not attempt to make the necessary good cause showing for his violation of the Court's September 6, 2018 Order, or this long delay. Nero cannot show Rule 12 good cause within the Sixth Circuit. Nero also failed to seek concurrence as required by Local Rule 7.1 and this Court. Second, if this filing is a reply

1

brief, he waived any new arguments about the search warrant and it vastly exceeds the Court's 5-page limit for replies.

Pursuant to Local Rule 7.1, the government explained the nature of the motion and its legal basis and requested concurrence in the relief sought, but Nero did not concur.

Case 2:17-cr-20183-MAG-RSW ECF No. 493 filed 06/26/20 PageID.2561 Page 2 of 9

## Government's Brief in Support of its Motion

### I. Statement of Facts

The Court's September 6, 2018 Order established the deadline for motions as November 14, 2018. (R. 206: Stipulation and Order Setting Motion Cut-off). Nero filed several motions (including for suppression) within the set time. (R. 211, 217, 218, 241). He also joined or concurred in several codefendant motions. (R. 233: Joining and Concurring in R. 232; R. 249 Joinder in R. 235, 236, 237, 238, and 239).

On September 18, 2019, more than 10 months after the deadline, Nero filed another motion to suppress. (R. 343). The government moved to strike that motion as untimely (R. 346: Motion), and the Court denied the government's motion because Nero could not have filed his second suppression motion until he had received requested discovery and the Court's resolution of a motion to compel. (R. 354: Order, 1567). On October 21, 2019, the government responded to that motion to suppress. (R. 357: Response). On October 28, 2019, Nero filed his reply in support of his motion to suppress. (R. 364: Reply). Nero never mentioned a fault with the search warrant in any of his filings. The government is not aware of the Court requesting supplemental briefing.

The Court set a later date (January 3, 2020) as the cut-off for motions in limine. (R. 373: Order). On January 2, 2020, Nero filed three motions in limine, all unrelated to the search or substance of his motion to suppress. *See* (R. 380, 381, 382).

3

Now, almost 2 years after the substantive motion cut-off, and more than six months after the cut-off for motions in limine, Nero filed another motion to suppress under the label "supplemental brief." In substance, this is a new motion based on a completely different basis—the search warrant. (R. 492). His motion does not mention the Court's September 6, 2018 Order, the motion cut-off, or Rule 12.

## II.     Argument

### A.     Nero has not shown good cause for another suppression motion

Nero fashions his motion to suppress based on the search warrant as a "supplemental brief." But the substance, not his labeling, controls. *See Trustees of Sheet Metal Workers' Local Union No. 80 Pension Tr. Fund v. Winchester Land, L.L.C.*, No. CV 10-12154, 2010 WL 11545352, at *1 (E.D. Mich. Sept. 10, 2010) ("A court's power to grant relief stems from the substance of the relief requested, not the label attached to the motion."); *see also In re Gasel Transp. Lines, Inc.*, 326 B.R. 683, 693 (6th Cir. 2005) ("[A] court is not bound by how a party labels its motion. Obviously, the relief sought, that to be granted, or within the power of the court to grant, should be determined by substance, not a label."); *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 560 (5th Cir. 2003) ("For starters, a court is not bound by how a party labels its motion. Obviously, '[t]he relief sought, that to be granted, or within the power of the court to grant, should be determined by substance, not a label.'") (quoting *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir.1996) (en banc)); *Peterson v. Cty. of Monroe*, No. 14-CV-12853, 2015 WL 1439882, at *1 (E.D. Mich. Mar. 27, 2015), aff'd (May 4, 2016)

4

(Goldsmith, J.) ("Courts must 'not rely solely on labels,' but 'probe deeper and examine the substance of the complaint.'") (quoting *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001)). The Court's motion deadline in this case was November 14, 2018. (R. 206). Nero attempts an end-around by labeling this new motion a "supplemental brief," even though the government is not aware of the Court requesting additional briefing. Nero's filing is a new motion with a new basis for suppression.

"Under the Federal Rules of Criminal Procedure, motions to suppress evidence must be raised by pretrial motion before the deadline set by the district court. Fed.R.Crim.P. 12(b)(3)(C),(c)." *United States v. Walden*, 625 F.3d 961, 964 (6th Cir. 2010). "If a party fails to raise a defense or objection that must be made by pretrial motion before the deadline, that defense or objection is waived." *Id. See also* Fed.R.Crim.P. 12(e); *United States v. Kincaide*, 145 F.3d 771, 778 (6th Cir. 1998). "The potential harshness of a strict application of this rule is mitigated by a safety valve that allows district courts to grant relief from the waiver for 'good cause.'" *Walden*, 625 F.3d at 964.

Nero never mentions Rule 12, nor does he attempt to make the requisite good cause showing. Nero has had the relevant discovery for the search warrant and could have previously filed this motion, so he cannot show good cause for his late filing. *See United States v. Gulley*, No. 18-3577, 2019 WL 3035753, at *6 (6th Cir. July 11, 2019) ("We have repeatedly held that good cause to excuse non-compliance with a court-ordered deadline is absent if the failure to timely file resulted from the lawyer's decision not to file a pretrial motion before the deadline."); *see also Walden*, 625 F.3d at 964 ("if

5

the failure to timely file occurred as a result of a lawyer's conscious decision not to file a pretrial motion before the deadline, the party seeking a waiver will not be able to establish good cause."). Instead, he filed this new motion almost two years late.

Nero has not shown good cause within the meaning of Rule 12. *See Gulley*, 2019 WL 3035753, at *6 (Denying second motion to suppress even where defendant claimed "information . . . only became available after the court's deadline").

**B.    Nero waived any new "reply" arguments**

If Nero's new brief were treated as a reply, he cannot raise new arguments. Nero never asserted any claim about the search warrant in his motion to suppress or reply brief. *See* (R. 343, R. 364).

"Arguments raised for the first time in a reply brief are waived." *United States v. Owens*, 458 F. App'x 444, 446 (6th Cir. 2012) (citing *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010)); *see also United States v. Hinson*, No. CRIM. 12-20837-2, 2015 WL 400985, at *5 (E.D. Mich. Jan. 28, 2015) (Goldsmith, J.) (same); *Croft v. United States*, No. 13-CR-20568, 2019 WL 560254, at *4 n3 (E.D. Mich. Feb. 12, 2019) (Goldsmith, J.) ("A party waives an argument by raising it for the first time in reply.") (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008)). Nero waived any argument about the validity of the search warrant by not raising it in his motion to suppress.

**C.    Nero also failed to seek concurrence**

Nero failed to seek concurrence in the relief sought and violated Local Rule 7.1(a). *See* LR 7.1(a)(2); *see also Rainey v. U.S. Bank Nat. Ass'n*, 2011 WL 4954154, at *1-

2 (E.D. Mich. 2011) (Lawson, J.) ("movants must seek concurrence in the relief requested before filing a motion for relief in this Court. E.D. Mich. LR 7.1(a) . . . Plaintiffs' counsel made no apparent attempt to conduct a conference as required by the Local Rules. His actions suggest that the only way plaintiffs' counsel has honored the Local Rules is in their breach."). Nero also ignored this Court's rules for motion practice, which mandate strict compliance and specify that the Court will strike an offending motion. *See* United States District Court, Eastern District of Michigan, Practice Guidelines for Judge Mark A. Goldsmith ("The Court requires strict compliance with E.D. Mich. LR 7.1(a), which obligates moving parties to seek concurrence before filing any motion. A moving party must certify compliance with this obligation by setting forth in the first paragraph of every motion one of the following statements or one substantially similar . . . **The failure to certify compliance with this paragraph will result in the motion being struck**.") (emphasis in original).[1]

Nero's brief is also 17 pages and ignores the Court's Practice Guidelines for the brief's length. *See Id.* ("The Court enforces the page limit set forth by E.D. Mich. LR 7.1(d)(3) and does not routinely grant requests to file longer briefs. Requests to file an oversized brief must be made by motion, in which the moving party sets forth specific reasons justifying the need for additional pages."). A reply brief has a five-page limit. *See* Local Rule 7.1(d)(3)(B) ("The text of a reply brief, including footnotes and signatures, may not exceed 5 pages.").

---

[1] https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=33.

**D.     The government requests a stay of the time to respond**

The government requests that the Court stay the time to respond to Nero's suppression motion until 14 days after the Court has determined whether Nero can make the required good cause showing for his untimely motion, or his failure to comply with the local rules or Court's practice guidelines.

**III.    Conclusion**

This Court should strike Nero's untimely and improper filing (R. 492).

                                       Respectfully Submitted,

                                       Matthew Schneider
                                       United States Attorney

                                       /s Jerome F. Gorgon Jr.
                                       JEROME F. GORGON JR.
                                       Assistant United States Attorney
                                       211 West Fort Street, Suite 2001
                                       Detroit, Michigan  48226-3211
                                       (313) 226-9676
                                       jerome.gorgon@usdoj.gov

Date: June 26, 2020

## **Certificate of Service**

I hereby certify that on June 26, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification to the attorneys of record, including Mark Magidson.

/s Jerome F. Gorgon Jr.
JEROME F. GORGON JR.
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9676
jerome.gorgon@usdoj.gov
