UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

*vs*.                                                    Case No. 17-20183
                                                   HON.  MARK A. GOLDSMITH

HAROLD LASHAWN NERO (D-5),
    Defendant.
_____

### DEFENDANT'S RESPONSE TO
### *GOVERNMENT'S MOTION TO STRIKE NERO'S UNTIMELY AND IMPROPER MOTION ("SUPPLEMENTAL BRIEF") AND TO STAY RESPONSE (R. 492)* [Doc. 493]

Defendant Harold Nero moves this Honorable Court to deny the government's motion because there is good cause for filing the supplemental brief and there is no prejudice to the government.

Alternatively, Defendant moves to extend or reset the motion filing deadline to file his supplemental brief (Doc. 492) as a separate motion.

Dated: July 2, 2020                             Respectfully submitted,

                                                        By: /s/*Mark H. Magidson*
                                                           MARK H. MAGIDSON (P25581)
                                                            Attorney for Defendant Nero
                                                            615 Griswold, Suite 810
                                                            Detroit, MI 48226
                                                            (313) 963-4311
                                                           mmag100@aol.com

# BRIEF IN SUPPORT OF
# DEFENDANT'S RESPONSE TO
# *GOVERNMENT'S MOTION TO STRIKE NERO'S UNTIMELY AND IMPROPER MOTION ("SUPPLEMENTAL BRIEF") AND TO STAY RESPONSE (R. 492)* [Doc. 493]

## FACTS

Although discovery has been available to the defense, it is voluminous, and defense counsel has been working diligently on many motions, issues, and investigations while the case has been pending. The complexity of the case led this Court to finding excludable delay since May 2018. The government filed a motion for continuance and finding excludable delay on May 30, 2018. (Doc. 191). This Court granted the government's motion and found excludable the period up to November 18, 2018. (Doc. 200). The government filed a second motion for continuance and finding excludable delay on November 15, 2018. (Doc. 250). This Court granted the government's motion and found excludable the period up to January 6, 2020. (Doc. 273). The government again filed a third motion for continuance and finding excludable delay on November 5, 2019 (Doc. 366). The Court granted that motion and found excludable the period up to September 9, 2020. (Doc. 373).

No hearing date has been scheduled for the hearing on Nero's motion to suppress his statements. And the trial date is scheduled for January 11, 2021.

## ARGUMENT

Under Fed. R. Crim. P. 12(c)(2) and (3), this court may extend or reset the deadline for pretrial motions, and a court may consider an untimely motion if the party shows good cause.

Defendant Nero filed a motion to suppress (Doc. 343) on September 18, 2019. The relief requested was suppression of his statements made involuntarily to the police.

Because of the complexity of the case and the voluminous discovery, the additional grounds for suppression of Nero's statements was only recently discovered. The defense filed a supplemental brief because the relief and witnesses necessary at an evidentiary hearing are the same, although an alternate theory for suppression is argued.

The defense did not seek concurrence because the relief was the same, and the defense has always considered and treated the supplemental brief that he filed (Doc. 492) to be a supplemental brief and not a separate motion or a reply.

It would be beneficial in a complex case like this one to adjudicate the suppression of the statement issue now, to create a record for appellate review.

Finally, there will be no prejudice to the government or the efficiency and economy of the judicial docket if an enlargement of time to file is granted and this issue is heard and decided. No hearing date has been scheduled yet for the motion,

and the trial does not begin until January 11, 2021. This court has discretion to grant an extension of time. This is not a situation where Defendant waited to the 11th hour to present a case or even after the 11th hour. A District court dismissed defendant's motion to dismiss indictment as untimely because Fed. R. Crim. P. 12(b)(3)(B) required motions to dismiss the indictment before trial, but defendant waited until six months after trial to file his motion. *United States v. Figueroa-Ocampo,* 138 Fed. Appx. 988 (9th Cir. 2005). Nero has submitted this supplemental theory six months prior to trial which should be sufficient time for the government to prepare or respond to the motion.

Nero has objected to the continuances granted while he has been in custody, and now there has been an additional delay because of COVID-19. Flexibility is in the interest of due process and fair trial proceedings under the circumstances here where there is no prejudice to the government while Nero has been in long term pretrial custody.

WHEREFORE, Defendant Nero moves this Honorable Court to deny the government's motion to strike; or alternatively, extend or reset the motion filing deadline.

Dated: July 2, 2020

Respectfully submitted,

By: /s/*Mark H. Magidson*
   MARK H. MAGIDSON (P25581)
   Attorney for Defendant Nero
   615 Griswold, Suite 810
   Detroit, MI 48226
   (313) 963-4311
   mmag100@aol.com

## CERTIFICATE OF SERVICE

I certify that on July 2, 2020, I electronically filed the above *Response* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

By: /s/*Mark H. Magidson*
   MARK H. MAGIDSON (P25581)
   Attorney for Defendant Nero