# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,   CRIMINAL NO. 17-20183

        Plaintiff,   HON. MARK A. GOLDSMITH

v.

D-1   DARRICK BELL,
       A/K/A "TONE," "BELL,"
D-2   JANETTE GAGGO TAWFIK,
D-3   SHELVIE LEWIS AVERY,
       A/K/A "Q,"
D-4   TERRY PRUITT,
       A/K/A "T,"
D-5   HAROLD LASHAWN NERO,
       A/K/A "NEPHEW,"
D-6   MICHAEL ANTHONY RANDOL,
       A/K/A "MAN,"
D-7   CHARLES THOMAS FORD JR.,
       A/K/A "CHUCK D,"
D-8   JACK HANA YAKO,
D-9   KEMAL GABRAIL,

        Defendants.
_____/

## MOTION FOR CONTINUANCE AND FINDING EXCLUDABLE DELAY

The government, with the concurrence of eight defendants, moves this Court for a finding under 18 U.S.C. § 3161(h)(7) of excludable delay, from the present trial date of January 11, 2021, to a trial date of May 24, 2021 as set by the Court. (ECF No. 511).

1

## BRIEF IN SUPPORT OF MOTION

As a result of the unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions throughout the United States and numerous foreign countries, the parties requested and the Court held a telephone status conference on April 28, 2020. The parties, with the exception of Defendant Harold Nero, agreed that the COVID-19 pandemic necessitated a new trial date. The parties briefed the issue, and after reviewing the briefs, the Court issued its order adjourning an earlier trial date, finding excludable delay, and setting the present trial date of January 11, 2021. (ECF No. 487).

The continuing COVID-19 pandemic caused the parties to request another telephonic status conference, which the Court held on September 8, 2020. The government proposed a new date in March 2021 and certain defense counsel suggested a date in May 2021. As before, eight of nine defendants, through counsel, agreed to a new trial date, waived their Speedy Trial Act rights, and submitted a stipulation and proposed order. The Court entered an order and set a new trial date of May 24, 2021, and excluded the time from the prior date of January 11, 2021. (ECF No. 511).

One defendant—Lashawn Nero—refused to waive his Speedy Trial Act rights. Nero has a pending motion and has joined in several other pending motions.

**I.   FACTS**

*The prior dates*

Much of this background has been set out previously. (*See* ECF No. 478: Motion for Continuance and Finding Excludable Delay). The government repeats those facts here for convenience, supplemented by subsequent events.

Defendants appeared and were arraigned at different times on the pending superseding indictment: (1) Kemal Gabrail on August 25, 2017; (2) Jack Hana Yako on August 28, 2017; (3) Charles Thomas Ford, Jr. on September 5, 2017; (4) Harold Lashawn Nero on September 28, 2017; (5) Janette Gaggo Tawfik on October 4, 2017; (6) Terry Pruitt on October 5, 2017; (7) Michael Anthony Randol on October 6, 2017; (8) Shelvie Lewis Avery on October 10, 2017; Darrick Bell on August 1, 2019. Bell was the last defendant to make his initial appearance in the case.

As a result of the complex discovery, the parties stipulated and agreed to waive the period from May 23, 2017 to November 14, 2017.

On November 14, 2017, the court held a status conference with Defendants and the government to address the rate of video review and speedy trial issues. The parties agreed that the government would provide defense counsel with Review Lists beginning on February 14, 2018, and then on May 14, 2018, continuing every 90 days as needed to complete the review. (ECF No. 171: Stipulation and Order for Discovery Procedures and Excludable Delay, Pg ID 482-83). The parties agreed to exclude the time from

3

November 14, 2017 to the May 23, 2018 status conference. (*Id.* at Pg ID 483). The government timely provided the first Review List with 567 events.

On April 24, 2018 the parties filed a joint statement on the status of discovery, and all Defendants estimated that they would not be prepared for trial until "the fall of 2019." (ECF No. 184: Joint Statement Regarding Discovery, Pg ID 582). The government provided the second Review List with 1,144 events on May 14, 2018.

The Court held a second status conference on May 23, 2018. At the hearing, Tawfik, Pruitt, Yako, and Gabrail agreed to waive their speedy trial rights and to excludable delay through November 14, 2018. Nero and Randol refused to waive their speedy trial rights. And Avery and Ford did not have attorneys physically present and could not take a position on the record.

On May 30, 2018, the government filed a motion for continuance and finding excludable delay. (ECF No. 191: Motion). And on June 28, 2018, the Court issued an order granting the government's motion and finding excludable the period up to November 18, 2018. (ECF No. 200: Order).

The Court held another status conference on November 14, 2018, where all defense counsel were present. Tawfik, Pruitt, Randol, Avery, Ford, Yako, and Gabrail agreed on the record to waive their rights under the Speed Trial Act and to excludable delay through the trial date of January 6, 2020, and to certain other dates for motion cut-off. Nero alone refused to waive his rights under the Speed Trial Act.

4

On November 15, 2018, the government filed a motion for continuance and finding excludable delay. (ECF No. 250: Motion). And on February 5, 2019, the Court issued an order granting the government's motion and finding excludable the period up to January 6, 2020. (ECF No. 273: Order).

On September 11, 2019, the Court held another status conference with all parties present. November 1, 2019, this Court held a telephonic status conference, where the government and all defense counsel were present, including counsel for Bell, Tawfik Gaggo, Pruitt, Nero, Randol, Avery, Ford, Yako, and Gabrail. Defendants, except for Nero, through their counsel, agreed to waive their rights under the Speed Trial Act and to excludable delay through a new trial date of September 9, 2020. The parties discussed case management, discovery, and speedy trial issues before the Court. The parties agreed to other dates. Nero alone refused to waive his rights under the Speed Trial Act.

On November 5, 2020, the government filed a motion to adjourn the trial date and for excludable delay. (ECF No. 366: Third Motion to Adjourn Trial Date and for Excludable Delay). On November 11, 2020, Nero responded. (ECF No. 371: Nero Response). That same day, the Court entered a stipulated order setting new dates, including a trial date of September 9, 2020, for all of the parties except Nero. (ECF No. 453). On November 20, 2020, the Court granted the government's motion for excludable delay as to Nero. (ECF No. 373: Order).

5

### *The April 28, 2020 status conference*

On April 28, 2020, this Court held a telephonic status conference (the "April Status Conference"), where the government and all defense counsel were present, including counsel for Defendants Darrick Bell, Janette Tawfik Gaggo, Terry Pruitt, Michael Randol, Shelvie Avery, Charles Ford, Jack Hana Yako, and Kemal Gabrail (collectively for these defendants, the "Defendants," and with the government, the "parties") and counsel for Harold Lashawn Nero (not included in the "Defendants" for purposes of the status conference). The parties discussed the COVID-19 pandemic, the Administrative Office of the United States Courts Federal Judiciary COVID-19 Recovery Guidelines dated April 24, 2020, case management, discovery, the present September 9, 2020 trial date, and other trial issues before the Court.

The parties and counsel for Nero agreed that the Court should set a series of pre-trial dates. *See* (ECF No. 453). The parties (except for Nero) agreed that there was good cause to adjourn the present trial date of September 9, 2020, for excludable delay, and for the Court to set a new trial date. (*Id.*). On May 6, 2020, the Court then entered a stipulated order excluding the time from September 9, 2020, and setting new dates, including a trial date of January 11, 2021. (ECF No. 453).

### *The Court's June 6, 2020 Order*

The government filed a motion for continuance and for excludable delay, citing the ongoing COVID-19 pandemic, the concurrence of all parties save Nero, and other

6

factors. (ECF No. 478). Nero filed a response. (ECF No. 481).

On June 6, 2020, Order granting the government's motion for continuance and finding excludable delay. (EFC. No. 487). The Court made specific findings and set a new trial date of January 11, 2021. (*Id.*).

### The September 8, 2020 status conference

On September 8, 2020, this Court held another telephonic status conference (the "September Status Conference"), where the government and all defense counsel were present. The parties discussed the ongoing COVID-19 pandemic, Administrative Order 20-AO-039, case management, the present January 11, 2021 trial date, and other trial issues before the Court. The government proposed a new date in March 2021 and certain defense counsel suggested a date in May 2021.

As before, eight of nine defendants, through counsel, agreed to a new trial date, waived their Speedy Trial Act rights, and submitted a stipulation and proposed order. The Court entered an order and set a new trial date of May 24, 2021, and excluded the time from the prior date of January 11, 2021. (ECF No. 511). Nero did not concur, so the government filed this motion.

## II.   ARGUMENT

As a result of the unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions throughout the United States and numerous foreign countries and for the reasons stated in the parties' joint request, the

7

Court should set a new trial date in May 2021, and exclude the time from the prior date of January 11, 2021.

The Speedy Trial Act requires commencement of trial within 70 non-excludable days from the later of the defendant's first appearance or arraignment on indictment. *See* 18 U.S.C. § 3161(c)(1). In cases involving multiple defendants charged together, where "no severance has been granted, one speedy trial clock governs." *United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002). And "the excludable delay of one defendant is ascribed to that of all of his codefendants." *Id.* at 776-77; *see also United States v. Gardner*, 488 F.3d 700, 717 (6th Cir. 2007) ("A defendant's excludable time also includes co-defendants' excludable time."). Another aspect of the speedy trial clock is that the clock re-starts upon the issuance of a superseding indictment. *United States v. Smith*, 510 F. App'x 390, 393-94 (6th Cir. 2013). The date from which to begin the calculation becomes the later of the new indictment or appearance of a defendant. *Id.* The present operative date is September 9, 2020 (the prior trial date).

The Speedy Trial Act provides that a court may set a trial date outside of the Act's 70-day rule "if the judge grant[s] such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). And Section 3161(h)(7)(A) does not require a defendant's consent to the continuance. *See United States v. Stewart*, 628 F.3d 246, 254 (6th Cir. 2010).

8

"To conduct a proper ends-of-justice analysis when granting a continuance, a district court must state in the record, either orally or in writing, its reasons for determining that granting the continuance outweighs the public's and the defendant's interest in a speedy trial, based on the factors set forth in (h)(7)(B)." *United States v. Richardson*, 681 F.3d 736, 739 (6th Cir. 2012). When granting an "ends of justice" continuance, a court may consider a number of factors, including complexity from the number of defendants or the nature of the prosecution, that it would make it unreasonable to expect adequate preparation for trial. *See* 18 U.S.C. § 3161(h)(7)(B); *see also Richardson*, 681 F.3d at 740 ("Defense counsel's need for additional time to prepare an unusually complex case is an appropriate reason for granting a continuance.").

The ends of justice continuance fits. On September 8, 2020, this Court held a telephonic status conference, where the government and all defense counsel were present. These Defendants (again, except Nero), through their counsel, agreed to waive their rights under the Speed Trial Act and to excludable delay through a new trial date, which the Court set for May 24, 2021. They recognized that the failure to grant a continuance would deny them the reasonable time necessary for effective preparation, and "would likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice," given the extraordinary conditions discussed on the call and set for in detail in the parties' stipulation. (ECF No. 511). The parties' reasons apply with equal force to Nero. For ease of review, those reasons for the ends of justice

9

continuance are:

- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption. On March 10, 2020, Governor Gretchen Whitmer announced a state of emergency following two confirmed cases of COVID-19 in Michigan. President Donald Trump declared a national state of emergency on March 13, 2020. COVID-19 has infected thousands of people across all fifty states, the District of Columbia, and Puerto Rico, resulting in numerous fatalities.

- In order to slow the spread of the outbreak and lessen the load placed on our healthcare systems, various restrictions have been imposed on travel, access to public facilities, and government functions. As part of these efforts, on March 13, 2020, this court postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in the Eastern District of Michigan in all criminal (and civil) cases and matters, and it postponed indefinitely all grand jury proceedings in the Eastern District of Michigan. *See* Administrative Order 20-AO-021. This Order also reflected the fact that the court cannot properly secure the presence of sufficient jurors and grand jurors in the courthouse without jeopardizing the health and safety of the prospective jurors, as well as the health and safety of court personnel. This Order further reflected the reality that the court staff, the Court Security Officers, and the Marshals Service could not operate or provide access to in-court proceedings without jeopardizing their health and safety.

- On March 23, 2020, Governor Whitmer issued an order requiring Michigan residents to shelter in place. *See* www.michigan.gov/coronravirus; Executive Order 2020-21. On March 25, 2020, the U.S. District Courthouse for the Eastern District of Michigan in Detroit was closed indefinitely. On April 9, 2020, Governor Whitmer issued extended and expanded the "Stay Home, Stay Safe" order. *See id.*; Executive Order 2020-42. On April 24, 2020, Governor Whitmer again extended and amended the "Stay Home, Stay Safe" order, indicating that the virus remains aggressive and persistent. *See id.*; Executive Order 2020-59 (to remain in effect until at least May 15, 2020). COVID-19 has infected thousands of people across all fifty states, the District of Columbia, and Puerto Rico, resulting in over 3,500 fatalities in Michigan alone.

- As a result, failure to grant a continuance would likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

- Although the court has issued a blanket determination of excludable delay for Speedy Trial purposes in 20-AO-21 and 20-A0-39 (dated July 21, 2020), the parties submit these additional case-specific reasons to supplement the reasons relied upon by the court in issuing that order, and request this Court to make case-specific findings supporting a determination of excludable delay.

- These case-specific reasons include the inability of counsel for the defendant and for the government to adequately prepare for trial. The trial involves witnesses with high-risk factors, witnesses who must travel, putting themselves and others at risk. Defense counsel will also be delayed in meeting with clients to prepare for trial based the health emergency described above.

- Due to the severe restrictions imposed on movement, meetings, and travel recommended by public health officials and required under Executive Orders, neither defense counsel nor counsel for the government are able to effectively review the discovery materials and prepare for trial. For example, most jail facilities have imposed severe restrictions on visitation and have imposed internal restrictions as well. As a result, for any detained defendant, there is little or no ability to meet with counsel to review the case for at least the next month. Counsel also have limited ability to access materials, visit and interview witnesses (including, if appropriate, expert witnesses), meet with government counsel, and review discovery materials in the custody of the government. Counsel for the government are similarly limited in their ability to meet with agents and witnesses, as well as to access material stored at government facilities. Further, counsel, U.S. Attorney's Office personnel, and victim-witness specialists have been encouraged to telework and minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with colleagues, witnesses, and others.

- On September 8, 2021, the court issued 20-AO-038 (REVISED), which stated that "[j]ury trials will commence on a date yet to be determined, and then only for critical criminal trials." The court noted that: "Jury trials during the pandemic present unique challenges. Jury selection in all places of holding court in this District involve large jury venire pools. These pools often consist of many individuals in the categories identified by the CDC as being at risk, individuals involved in essential public functions, and individuals responsible

11

- for children unable to attend school or daycare due to the pandemic. Conventional courtroom layouts do not allow jury trial participants to adhere to the necessary precautions to reduce the possibility of exposure to the disease." (*Id.*).

- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

- In addition, the Speedy Trial Act specifically (and automatically) excludes delay resulting from the unavailability of the defendant or an essential witness. *See* 18 U.S.C. §§ 3161(h)(3)(A) (rendering excludable "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness") & 3161(h)(4) (excluding "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial"). The government has several out-of-state witnesses who are essential and may be rendered unavailable. In light of the restrictions on travel, movement, and public appearances, these provisions further support the exclusion of this time.

- This open-ended continuance is warranted under the specific circumstances of this case, and such continuances are permitted under the law of this Circuit. *See, e.g., United States v. Richardson*, 681 F.3d 736, 743 (6th Cir. 2012); *United States v. Sabino*, 274 F.3d 1053, 1064-65 (6th Cir. 2001), *amended in part on other grounds*, 307 F.3d 446 (2002). This continuance is also in accordance with the Speedy Trial Act Plan of this District. *See* E.D. Mich. STA Plan ¶ 7(d)(3) (when continuance is open-ended, parties must "inform the court promptly when and if the circumstances that justify the continuance no longer exist" and must "file periodic reports").

In its June 11, 2020 opinion and order, the Court noted and specified many of the "grave public health concerns at stake." (ECF No. 487, PageID.2521). These reasons continue to apply.

Only Nero—despite all of the above—has refused to waive his speedy trial rights and agree to excludable delay.

## III.  CONCLUSION

The Court should enter an order overruling Nero's objections, and find that: (1) it is unreasonable given the extraordinary conditions set forth above to expect adequate preparation prior to May 24, 2021; (2) eight Defendants have agreed to exclude the time from January 11, 2021 through the trial date of May 24, 2021; (3) that period is excludable under the Speedy Trial Act; and (4) the ends of justice served by taking such action outweigh the best interest of the public and the objecting Defendant (Nero) in a speedy trial.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

/s/ *Jerome Gorgon*
JEROME GORGON
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9676
Jerome.gorgon@usdoj.gov

Date: September 15, 2020

## **CERTIFICATION OF SERVICE**

I hereby certify that on September 15, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ *Jerome Gorgon*
JEROME GORGON
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9676
Jerome.gorgon@usdoj.gov
