UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                    Case No. 17-20183
                                      HON.  MARK A. GOLDSMITH

HAROLD LASHAWN NERO (D-5),

    Defendant.

_____

**DEFENDANT NERO'S RESPONSE
TO THE GOVERNMENT'S *MOTION FOR CONTINUANCE AND FINDING
EXCLUDABLE DELAY* (Doc. 512)**

      Defendant, Harold Nero, moves this Honorable Court to deny the government's motion (Doc. 512) because its request for a continuance violates Defendant's Speedy Trial Act rights under 18 USC § 3161 (as well as his due process rights, which is addressed in a contemporaneously filed Motion to Revoke the Detention Order), and severance of the co-defendants' trials is available as requested in Nero's Motion to Sever (Doc. 211), which he renews in light of this additional request for a continuance.

Dated: October 5, 2020                  Respectfully submitted,

                                              By: s/*Mark H. Magidson*
                                                MARK H. MAGIDSON (P25581)
                                                Attorney for Defendant Shy
                                                615 Griswold, Ste. 810
                                                Detroit, MI 48226
                                                (313) 963-4311

**BRIEF IN SUPPORT OF
DEFENDANT NERO'S RESPONSE
TO THE GOVERNMENT'S *MOTION FOR CONTINUANCE AND FINDING
EXCLUDABLE DELAY* (Doc. 512)**

**FACTS**

Defendant Nero has been in custody since June 30, 2017, and he was arraigned on the superseding indictment on September 28, 2017.

Before Nero was in custody, the government and co-defendants had stipulated to a finding that this was a "mega" case. Nero has never stipulated that this is a mega case.

Nero agreed to two continuances excluding the time from his arraignment to May 23, 2018. (Stip. Order, Doc. 171, Pg ID 482-483). Nero agreed to those continuances despite the fact that the government chose to indict him before it had sufficiently reviewed the evidence it had collected. Nero has objected to the additional continuances requested by the government.

At the latest September 8, 2020 status conference, the government and co-defendants stipulated to a continued trial date on May 24, 2021, for reasons related in part to the COVID-19 pandemic, but Nero objected to the government's request again.

Nero has been in custody for three years and three months since his arrest, and he has been held in a limited, short term facility, a county jail that is only designed to house offenders for a maximum of one year. He will have been in custody for three years and 10 months by the time of the proposed May 24, 2020 trial date.

The delay in this case has been the result of nothing Nero has done. Nero has filed motions; however, those motions did not take months to decide. Nero is ready to proceed to trial now.

## ARGUMENT

The Speedy Trial Act requires that a defendant's trial begin within 70 days after his indictment or his first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). A delay beyond the 70-day period attributable to joinder is not a ground for a severance, per se, because the Speedy Trial Act contains an express exclusion of a "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). That is, a single speedy trial clock governs, and delay attributable to any one defendant is applicable to all defendants. "The only inquiry made in such multiple defendant cases is whether the delay is 'reasonable.' " *United States v. Gambino*, 59 F.3d 353,

362 (2d Cir. 1995). Moreover, a defendant must expressly move for severance on the ground of seeking a speedy trial to trigger this reasonableness requirement. *United States v. Vasquez*, 918 F.2d 329 (2d Cir. 1990). Nero filed a motion to sever on September 21, 2018. (Doc. 211).

The government argues that a continuance through a trial date on May 24, 2021, is necessary because of the complexity of this case, the volume of discovery, out of state government witnesses, the Co-defendants' need for time to prepare for trial, the number of Defendants, and the COVID-19 pandemic. (Doc. 512, Pg ID 2668-669, 2671-673).

Nero argues that the government's "lack of diligent preparation" before filing the indictment against him is a reason to deny it's request for an additional continuance resulting in Nero spending three years and ten months in custody, by the time of trial on May 24, 2020, because of its lack of diligent preparation. See 18 USC 3161(h)(A) and (C).

The Speedy Trial Act specifically states that "[n]o continuance … shall be granted because of … lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 USC 3161(h)(C).

The government also relied on the fact that Defendants have demanded discovery of the voluminous hours of surveillance video; however, before filing the indictments, the government knew that it would need to produce that discovery

in this case. The government's lack of diligence before indictment, when it could have conducted its investigation and reviewed the discovery material—the evidence of its long-term investigation—will result in Nero sitting in custody for three years and 10 months before trial. Also, the Defendants' review of the video would not have taken as long if the government had not waited months to provide its Review Lists until after the Defendants' requests.

The Speedy Trial Act protects defendants from having to sit in jail for this very reason—allowing the government to indict, and while a defendant sits in custody, then conduct its investigation and produce its evidence. 18 USC 3161(h)(C).

The ends of justice are not served by a continuance, and it is not in the best interest of the public and Defendant Nero in a speedy trial. Nero's Sixth Amendment right to a speedy trial is being violated. He has been prepared for trial since the last three granted continuances.

Nero understands that with COVID-19 and some co-defendants' attorneys needing time to prepare for trial, there is reason to continue their trials; however, the remedy for Nero is to sever the co-defendants' trials, particularly where Nero has an "antagonistic and mutually exclusive defense that he was merely present, using drugs." (Mtn. to Sever, Doc. 211, Pg ID 713).

WHEREFORE, Defendant (D-5) Nero moves this Honorable Court to deny the government's motion for a continuance; or, alternatively, to sever the co-defendants' trials and allow Nero to proceed to trial on January 11, 2021.

Date: October 5, 2020

Respectfully submitted,

By: s/*Mark H. Magidson*
   MARK H. MAGIDSON (P25581)
   Attorney for Defendant Nero (D-5)
   615 Griswold, Ste. 810
   Detroit, MI 48226
   (313) 963-4311

### CERTIFICATE OF SERVICE

I certify that on October 5, 2020, I electronically filed the above *Response* and brief with the Clerk of the Court using the ECF system, which will send notification of the filing to the parties of record.

By: s/*Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant Shy (D-13)