UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.

HAROLD LASHAWN NERO,

           Defendant.
_____/

Case No. 17-20183

HON. MARK A. GOLDSMITH

**OPINION & ORDER
GRANTING THE GOVERNMENT'S MOTION FOR CONTINUANCE AND
FINDING EXCLUDABLE DELAY (Dkt. 512)**

This matter is before the Court on the Government's motion for a continuance and a finding of excludable delay from the present trial date of January 11, 2021, to a new trial date of May 24, 2021 (Dkt. 512). Following a telephonic status conference held on September 8, 2020, where all defense counsel were present, Defendants Darrick Bell, Janette Tawfik Gaggo, Shelvie Avery, Terry Pruitt, Michael Randol, Charles Ford, Jack Hana Yako, and Kemal Gabrail filed a stipulation waiving their rights under the Speedy Trial Act and agreeing to excludable delay through a new trial date to be set by the Court. See 9/15/20 Stipulation & Order (Dkt. 511). The Court entered an order finding a period of excludable delay through a new trial date of May 24, 2021. Id. Defendant Harold Lashawn Nero alone refused to waive his rights under the Speedy Trial Act, prompting the Government to file the instant motion, which Nero opposes.[1] For the reasons that follow, the Court grants the Government's motion.

---

[1] In a motion for revocation of his detention order, Nero argues that his pretrial incarceration for the duration of the continuance will violate his due process rights (Dkt. 518). The Court will address this argument by separate opinion.

1

## I. DISCUSSION

The Speedy Trial Act mandates that a defendant be brought to trial within seventy days of filing or public notice of "the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In cases where "multiple defendants are charged together and no severance has been granted, one speedy trial clock governs." United States v. Cope, 312 F.3d 757, 776 (6th Cir. 2002). Thus, "the excludable delay of one defendant is ascribed to that of all of his co-defendants." Id. at 776-77.

Because the Court has previously detailed the procedural background and continuances granted in this case in other orders, it need not do so again for purposes of the present motion. See, e.g., 6/28/18 Order (Dkt. 200); 2/5/19 Order (Dkt. 273); 11/20/19 Order (Dkt. 373); 6/11/20 Order (Dkt. 487). Most recently, the Government and all Defendants except for Nero stipulated to a continuance and a finding of excludable delay through January 11, 2021. 5/6/20 Stipulation & Order (Dkt. 453). With respect to Nero, the Government filed a motion for continuance and a finding excludable delay on May 28, 2020 (Dkt. 478). The Court granted this motion and found excludable the period up to January 11, 2021. 6/11/20 Order. Thus, January 11, 2021, is the operative date that currently governs the proceedings.

The Speedy Trial Act, however, contains numerous provisions preventing the seventy-day period from running, including delay due to continuances granted by district courts. Such delays are excluded from the seventy-day period if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). For the time of the delay to be excludable, a court must set forth on the record "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id. When granting such an "ends-of-justice" continuance, a district court should weigh factors such as

2

(i) whether failure to grant a continuance would render continuation of the proceedings impossible, or result in a miscarriage of justice, (ii) the complexity of the case and time needed for preparation, and (iii) the continuity of counsel. 18 U.S.C. § 3161(h)(7)(B).

The Government argues that these factors weigh in favor of granting a continuance. First, it contends that a continuance is necessary under 18 U.S.C. § 3161(h)(7)(B)(i), as continuation of the case would be impossible in light of the exigent circumstances presented by the COVID-19 pandemic. The Court agrees. On November 15, 2020, the Michigan Department of Health and Human Services issued an emergency order enacting a "three-week pause" limiting indoor gatherings.[2] On December 7, 2020, this order was extended in part through December 20, 2020.[3] Further, the Court remains closed to the public and has indefinitely postponed in-court proceedings, including trials, given the impairment of counsel to prepare for trial, the "reduced ability to obtain an adequate spectrum of jurors," and recommendations from public health organizations to limit the presence of counsel and court personnel in the courtroom. Administrative Order 20-AO-039; see also Administrative Order 20-AO-038 (revised) ("Jury trials will commence on a date yet to be determined, and then only for critical criminal trials."). Moreover, the Court has issued a blanket determination of excludable delay for Speedy Trial purposes. Administrative Order 20-AO-039. It is uncertain when the Court will reopen to personnel or the public, let alone when jury trials will resume.

In light of the grave public health concerns at stake, it is unlikely that an in-person jury trial—particularly where the trial in this case is expected to last for several months—can safely and realistically occur in the courtroom until, at the earliest, May 2021. Michigan has reported a surge in new cases of COVID-19—the state recently reported the sixth highest number of

---

[2] See https://perma.cc/E4JT-5XU7; https://perma.cc/B9JM-3HBP.

[3] See https://perma.cc/FW5W-HTT8.

3

COVID-19 cases in the nation and the fifth highest number of deaths.[4] While the release of a vaccine appears imminent, it remains uncertain when it will become widely available.[5] Based on these circumstances and the uncertainties surrounding COVID-19, the Court concludes that it is unable to hold a jury trial in a manner that promotes public safety until, at the earliest, May 2021. Accordingly, the ends of justice are served by excluding the time between January 11, 2021, and May 24, 2021.

Second, the Government maintains that a continuance is necessary under 18 U.S.C. § 3161(h)(7)(B)(ii), as counsel cannot adequately prepare for trial within the present timeframe. As the Government points out, the Court has previously declared this case to be a "mega case" under the Criminal Justice Act, based on the volume of discovery, the number of Defendants, and the expected length of trial.[6] In addition, the Government contends that certain pandemic-related restrictions hinder counsel's ability to effectively prepare for trial. Specifically, defense counsel are currently unable to meet with detained clients, as many jails have suspended attorney visitation. Office and business closures, as well as travel restrictions, have further prevented defense counsel and counsel for the Government from accessing discovery materials and interviewing witnesses.

Moreover, the Government contends that the Speedy Trial Act mandatorily excludes delay resulting from the unavailability of the defendant or an essential witness. See 18 U.S.C. §§ 3161(h)(3)(A), 3161(h)(4). The Government maintains that several of its essential witnesses reside out-of-state and may be unable to appear at trial due to travel restrictions. Given the

---

[4] See https://perma.cc/A723-MRGY.

[5] See https://perma.cc/VY3R-CCR5.

[6] Nero states that he "has never stipulated that this is a mega case," Def. Resp. at 2 (Dkt. 517), but his counsel stipulated to declaring the case a mega case pursuant to the Criminal Justice Act on July 17, 2017, 7/17/17 Stipulation & Order (Dkt. 83).

complexity of the case, counsel's inability to effectively prepare for trial as a result of pandemic-related restrictions, and the unavailability of essential witnesses, eight Defendants (all except Nero) have stipulated to a new trial date of May 24, 2021.

The Court agrees that the case is highly complex, with voluminous discovery materials—including approximately 14,000 hours of surveillance video—and dozens of potential witnesses. Counsel for eight Defendants have stipulated that they are unable to effectively prepare for trial by accessing and reviewing necessary discovery, meeting with their clients, and interviewing witnesses—all activities that have been curtailed under restrictions, policies, and recommendations designed to mitigate the spread of COVID-19. See 9/15/20 Stipulation & Order. Therefore, a miscarriage of justice is likely should Defendants proceed to trial, as counsel would not be afforded adequate time to prepare.

While delay is certainly to be avoided, the Court rejects Nero's argument, as it has previously, that the delay here is attributable to the Government's pre-indictment lethargy. The present delay is attributable to restrictions aimed at mitigating the public health risks presented by the unprecedented COVID-19 pandemic—delays for which Government counsel is not responsible. Additionally, much of the delay is attributable to the length of time that has been necessary for defense counsel to review the extensive discovery materials. While Nero once again contends that the Government should have reviewed the video evidence prior to indicting him, and suggests that the Government should have provided its Review Lists to Defendants sooner, the Court disagrees. There is no indication that the Government has failed to diligently review the video or compile the Review Lists. Indeed, the Review Lists assist defense counsel in completing their own review of the surveillance video in a timely manner. The ends of justice are thus served by excluding the time between January 11, 2021, and May 24, 2021.

The Court denies Nero's renewed request to sever the Defendants' trials. Nero again argues that severance is warranted because he will be presenting a defense antagonistic to the

other Defendants and anticipates a risk of jury confusion. Nero raised the same argument in a motion to sever (Dkt. 211), which the Court denied (Dkt. 308). For the reasons stated in that opinion, the Court again rejects Nero's request to sever the Defendants' trials.

## II. CONCLUSION

For the foregoing reasons, the Court grants the Government's motion to continue and for excludable delay (Dkt. 512). Accordingly, pursuant to 18 U.S.C. § 3161(h)(7)(A), the time between January 11, 2021, and May 24, 2021, is excluded as to Defendant Nero.

Accordingly, the Court sets the following dates:

A. January 13, 2021, for the Government and all Defendants to submit a joint statement with a proposed jury questionnaire;

B. January 13, 2021, the Government will disclose Rule 16 material not covered by the Jencks Act;

C. February 24, 2021, the Government will disclose its witness list and contact information, unless there is a security reason for withholding a name and contact information;

D. February 24, 2021 @ 10:00 a.m., for a final plea cut-off hearing;

E. March 23, 2021 @ 10:00 a.m., for the final pretrial conference; and

F. March 24, 2021, the Government will disclose Brady material not covered by the Jencks Act; and

G. May 24, 2021 @ 8:30 a.m., trial will begin.

SO ORDERED.

Dated: December 11, 2020  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge