UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v

D-5 HAROLD LASHAWN NERO,

    Defendant.
_____/

Case No. 17-cr-20183-5

HON. MARK A. GOLDSMITH

**ORDER DENYING THE GOVERNMENT'S MOTION TO STRIKE DEFENDANT NERO'S SUPPLEMENTAL BRIEF (Dkt. 493)**

This matter is before the Court on the Government's motion to strike Defendant Harold Nero's supplemental brief in support of his pending motion to suppress evidence (Dkt. 493). On September 18, 2019, Nero filed a motion to suppress statements he made during a post-arrest interview on the ground that his waiver of his Miranda rights was not made voluntarily, knowingly, or intelligently because he was under the influence of drugs (Dkt. 343). On June 25, 2020, Nero filed a supplemental brief seeking suppression of the same statements on a different basis—by challenging the search warrant (Dkt. 492). The Government contends that Nero's supplemental brief must be stricken because, in substance, it constitutes an entirely new motion filed after expiration of the deadline to file pretrial motions on November 14, 2018 (see Dkt. 206) and the deadline to file motions in limine on January 3, 2020 (see Dkt. 373). Further, the Government argues that Nero lacks good cause excusing the delayed filing. For the reasons that follow, the Court denies the Government's motion.

1

"Under the Federal Rules of Criminal Procedure, motions to suppress evidence must be raised by pretrial motion before the deadline set by the district court." United States v. Walden, 625 F.3d 961, 964 (6th Cir. 2010) (citing Fed. R. Crim. P. 12(b)(3)(C)). A party's failure to timely raise a defense or objection that must be made by pretrial motion generally results in waiver of that defense or objection. Id. However, under Rule 12(c)(3), an untimely pretrial motion may nevertheless be considered if the party shows good cause. A court's denial of a motion to file an untimely pretrial motion is improper "if the denial is based on the district court's unreasoned and arbitrary need for expediency." Walden, 625 F.3d at 964.

Nero contends that he failed to challenge the search warrant before the pretrial motion deadline expired because he did not discover the additional grounds for suppression until recently. Resp. at 3. The Government asserts that the search warrant was produced to Nero on August 31, 2017, in a batch of documents totaling less than 1,000 pages. Reply at 2-3 (Dkt. 495). However, Nero states that the alleged defect in the warrant was not discovered earlier because of the voluminous amount of discovery and the complexity of the case—both circumstances that have necessitated multiple adjournments to enable defense counsel to adequately prepare for trial. Resp. at 3.

Nero has set forth good cause justifying his delay in filing the supplemental brief, as the Court has acknowledged on many occasions the complexity of the case and the overwhelming amount of discovery. Further, the Court's consideration of this filing will not delay the proceedings or otherwise prejudice the Government. An evidentiary hearing regarding Nero's motion to suppress has not yet been scheduled—given the Court's inability to conduct in-court proceedings during the COVID-19 pandemic—and the issues raised in the supplemental brief

would likely require only one additional witness. Reply at 4 n.1. Moreover, considering the supplemental brief will not delay trial, which has been adjourned until May 24, 2021.

Finally, although Nero admittedly did not seek the Government's concurrence before filing the supplemental brief, the relief sought is identical to the relief sought in the motion to suppress—in which the Government did not concur. Further, the Government does not identify any prejudice suffered by Nero's failure to seek concurrence in the supplemental brief.

The Court will, therefore, consider the argument set forth in Nero's supplemental brief. The Government is ordered to file its response to Nero's brief no later than December 22, 2020.

    SO ORDERED.

Dated: December 11, 2020             s/Mark A. Goldsmith
        Detroit, Michigan            MARK A. GOLDSMITH
                                           United States District Judge