## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,                CRIMINAL NO. 17-20183

               Plaintiff,                HON. MARK A. GOLDSMITH

v.

D-1   DARRICK BELL,
      A/K/A "TONE," "BELL,"
D-5   HAROLD LASHAWN NERO,
      A/K/A "NEPHEW,"

               Defendants.
_____/

## MOTION FOR CONTINUANCE AND FINDING EXCLUDABLE DELAY

The government, with the concurrence of Defendant Darrick Bell, moves this Court for a finding under 18 U.S.C. § 3161(h)(7) of excludable delay, from the trial date of February 1, 2022, to a trial date on or about April 12, 2022.

## BRIEF IN SUPPORT OF MOTION

As a result of the unprecedented and exigent circumstances created by COVID-19 and related coronavirus health crisis, the Court has repeatedly adjourned the trial in this case. The continuing pandemic led the parties to hold a telephonic status conference on December 9, 2021. The Court advised the parties that a new trial date was forthcoming from a committee, created by the Chief Judge, which assigned trial dates for cases within the Eastern District of Michigan. The Court

1

explained that the committee apportioned dates to safely facilitate trials while balancing court resources, within the Eastern District of Michigan, during the ongoing pandemic.

On December 20, 2021, based on the date assigned by the aforementioned committee, the Court ordered that the trial take place on April 12, 2022 (ECF No. 717). Defendant Bell, one of the two remaining defendants, through counsel, agreed to a new trial date. Defendant Harold Lashawn Nero, refused to waive his Speedy Trial Act rights.

## I.    FACTS

### *The prior dates*

Much of this background has been set out previously. *See* (ECF No. 478: Motion for Continuance and Finding Excludable Delay; ECF No. 512: Motion for Continuance and Finding Excludable Delay; ECF No. 563: Motion for Continuance and Finding Excludable Delay; Motion for Continuance and Finding of Excludable Delay, ECF No. 638). The government repeats those facts here for convenience, supplemented by subsequent events.

Defendants appeared and were arraigned at different times on the pending superseding indictment: (1) Kemal Gabrail on August 25, 2017; (2) Jack Hana Yako on August 28, 2017; (3) Charles Thomas Ford, Jr. on September 5, 2017; (4) Harold Lashawn Nero on September 28, 2017; (5) Janette Gaggo Tawfik on October 4,

2

2017; (6) Terry Pruitt on October 5, 2017; (7) Michael Anthony Randol on October 6, 2017; (8) Shelvie Lewis Avery on October 10, 2017; Darrick Bell on August 1, 2019. Bell was the last defendant to make his initial appearance in the case.

As a result of the complex discovery, the parties stipulated and agreed to waive the period from May 23, 2017 to November 14, 2017. On November 14, 2017, the court held a status conference with Defendants and the government to address the rate of video review and speedy trial issues. The parties agreed that the government would provide defense counsel with Review Lists beginning on February 14, 2018, and then on May 14, 2018, continuing every 90 days as needed to complete the review. (ECF No. 171: Stipulation and Order for Discovery Procedures and Excludable Delay, PageID.482-83). The parties agreed to exclude the time from November 14, 2017 to the May 23, 2018 status conference. (*Id*., PageID.483). The government timely provided the first Review List with 567 events.

On April 24, 2018, the parties filed a joint statement on the status of discovery, and all Defendants estimated that they would not be prepared for trial until "the fall of 2019." (ECF No. 184: Joint Statement Regarding Discovery, PageID.582). The government provided the second Review List with 1,144 events on May 14, 2018.

The Court held a second status conference on May 23, 2018. At the hearing, defendants Tawfik, Pruitt, Yako, and Gabrail agreed to waive their speedy trial rights and to excludable delay through November 14, 2018. Nero and Randol refused to

waive their speedy trial rights. And Avery and Ford did not have attorneys physically present and could not take a position on the record. On May 30, 2018, the government filed a motion for continuance and finding excludable delay. (ECF No. 191: Motion). And on June 28, 2018, the Court issued an order granting the government's motion and finding excludable the period up to November 18, 2018. (ECF No. 200: Order).

The Court held another status conference on November 14, 2018, where all defense counsel were present. Defendants Tawfik, Pruitt, Randol, Avery, Ford, Yako, and Gabrail agreed on the record to waive their rights under the Speed Trial Act and to excludable delay through the trial date of January 6, 2020, and to certain other dates for motion cut-off. Nero alone refused to waive his rights under the Speedy Trial Act. On November 15, 2018, the government filed a motion for continuance and finding excludable delay. (ECF No. 250: Motion). And on February 5, 2019, the Court issued an order granting the government's motion and finding excludable the period up to January 6, 2020. (ECF No. 273: Order).

On September 11, 2019, the Court held another status conference with all parties present. On November 1, 2019, this Court held a telephonic status conference, where the government and all defense counsel were present, including counsel for Bell, Tawfik, Pruitt, Nero, Randol, Avery, Ford, Yako, and Gabrail. Defendants, except for Nero, through their counsel, agreed to waive their rights

under the Speed Trial Act and to excludable delay through a new trial date of September 9, 2020. The parties discussed case management, discovery, and speedy trial issues before the Court. The parties agreed to other dates. Nero alone refused to waive his rights under the Speed Trial Act. On November 5, 2020, the government filed a motion to adjourn the trial date and for excludable delay. (ECF No. 366: Third Motion to Adjourn Trial Date and for Excludable Delay). On November 11, 2020, Nero responded. (ECF No. 371: Nero Response). That same day, the Court entered a stipulated order setting new dates, including a trial date of September 9, 2020, for all parties except Nero. (ECF No. 453). On November 20, 2020, the Court granted the government's motion for excludable delay as to Nero. (ECF No. 373: Order).

### *The COVID-19 conferences*

On April 28, 2020, this Court held a telephonic status conference (the "April Status Conference"), where the government and all defense counsel were present, including counsel for Bell, Tawfik, Pruitt, Randol, Avery, Ford, Yako, and Gabrail. The parties discussed the COVID-19 pandemic, the Administrative Office of the United States Courts Federal Judiciary COVID-19 Recovery Guidelines dated April 24, 2020, case management, discovery, the present September 9, 2020 trial date, and other trial issues before the Court. The parties and counsel for Nero agreed that the Court should set a series of pre-trial dates. *See* (ECF No. 453). The parties (except for Nero) agreed that there was good cause to adjourn the trial date

5

of September 9, 2020, for excludable delay, and for the Court to set a new trial date. (*Id*.). On May 6, 2020, the Court then entered a stipulated order excluding the time from September 9, 2020, and setting new dates, including a trial date of January 11, 2021. (ECF No. 453). The government filed a motion for continuance and for excludable delay, citing the ongoing COVID-19 pandemic, the concurrence of all parties save Nero, and other factors. (ECF No. 478). Nero filed a response. (ECF No. 481). On June 6, 2020, the Court granted the government's motion for continuance and finding excludable delay. (EFC. No. 487). The Court made specific findings and set a new trial date of January 11, 2021. (*Id*.).

On September 8, 2020, this Court held another telephonic status conference (the "September Status Conference"), where the government and all defense counsel were present. The parties discussed the ongoing COVID-19 pandemic, Administrative Order 20-AO-039, case management, the present January 11, 2021 trial date, and other trial issues before the Court. The government proposed a new date in March 2021 and certain defense counsel suggested a date in May 2021. As before, eight of nine defendants (all except Nero), through counsel, agreed to a new trial date, waived their Speedy Trial Act rights, and submitted a stipulation and proposed order. The Court entered an order and set a new trial date of May 24, 2021 and excluded the time from the prior date of January 11, 2021. (ECF No. 511). Nero did not concur, so the government filed another motion for continuance and for excludable delay, citing the ongoing COVID-19 pandemic, the concurrence

6

of all parties save Nero, and other factors. (ECF No. 512). Nero filed a response. (ECF No. 517). On December 11, 2020, the Court granted the government's motion for continuance and finding excludable delay. (EFC. No. 541). The Court made specific findings and set a new trial date of May 24, 2021. (*Id*.).

On January 27, 2021, this Court held another telephonic status conference (the "January 2021 Status Conference"), where the government and all defense counsel were present, including counsel for Bell, Pruitt, Nero, Randol, Avery, Ford, Yako, and Gabrail (collectively for these defendants and with the government, the "parties") and counsel for Tawfik and counsel for Nero. The parties and counsel for Tawfik and Nero discussed the ongoing COVID-19 pandemic, Administrative Orders, case management, the present May 24, 2021 trial date, and other trial issues before the Court. The parties suggested a new date in October 2021, specifically October 4, 2021. This time, seven of nine defendants, through counsel, waived their Speedy Trial Act rights, agreed to a new trial date and to submit a stipulation and proposed order. Nero and Tawfik did not concur, so the government filed a stipulation and a motion. See (ECF Nos. 563, 564, 569). The Court granted the motion and set a new trial date for October 4, 2021. The Court excluded the time from the prior date of May 24, 2021.

On May 5, 2021, the Court held another telephonic status conference (the "May 2021 Status Conference"), where the government and defense counsel were present, including counsel for Darrick Bell, Shelvie Avery, Harold Nero, Charles

Ford Jr., Jack Yako, and Kemal Gabrail (collectively for these defendants and with the government, the "parties"). The parties discussed the ongoing COVID-19 pandemic, the status related to the reopening of the courthouse, case management, the present October 4, 2021 trial date, and other trial issues before the Court. The Court expressed uncertainly as to whether the courthouse would reopen for multi-defendant trials by October of 2021.

On May 10, 2021, the Court issued an order directing the parties to file a joint statement regarding the government's identification of the video evidence and video transcripts the government intends to present at trial. (ECF No. 616). On May 17, 2021, the government filed a joint statement as ordered. (ECF No. 625). On June 1, 2021, the Court issued an order defining the parties' obligations with respect to the videos and the video transcripts. The Court recognized that the government may present 400 videos consisting of 33 hours of material at trial and instructed that, "120 days before trial, the Government must identify and disclose to the Court and Defendants the segments of surveillance video it intends to present at trial." (ECF No. 632, PageID.3427-3428). The October 4, 2021 trial date would have required the government to provide these disclosers by June 4, 2021, rendering the government's compliance with the Court's order unachievable. For this reason, on or about June 9, 2021, the government and counsel for several defendants, via email, began discussing a new trial date.

Defendants Bell, Avery, Yako, and Gabrail agreed to an adjournment of the

8

trial to February of 2022. Defendant Nero objected to the adjournment for the reasons he previously set forth in filings with the Court. As of the filing of this motion, counsel for Defendant Ford has not responded. In summary, four of six defendants, through counsel, agreed to waive their Speedy Trial Act rights, to a new trial date, and to submit a stipulation and proposed order. One objected and one has been unresponsive. The order, with a new trial date of February 1, 2022, would exclude the time from the prior date of October 4, 2021. Because Nero and Ford did not concur, the government filed this motion.

On September 14, 2021, Defendant Shelvie Avery pleaded guilty pursuant to a Rule 11 Plea Agreement. On November 14, 2021, Defendant Charles Ford pleaded guilty pursuant to a Rule 11 Plea Agreement. Defendants Bell and Nero became the last remaining defendants.

As the February trial date approached, the Eastern District of Michigan began experiencing a new COVID-19 surge. On December 17, 2021, the Court issued Administrative Order 21-AO-035. The Order indicated Michigan had 1,408,189 confirmed cases of COVID-19 with a seven-day average of 5,664 cases. Further, the Order identified the prevalence of the Delta variant and the recently identified rapid spreading Omicron variant, in the Eastern District of Michigan.

The Court noted that COVID-19 "has caused and continues to cause extraordinary disruption throughout this District . . . . Cases . . . continue to be diagnosed among employees and contractors working at the courthouses." (21-AO-

035, 2). Further, "[c]ontinued contact restrictions put in place by detention facilities used by the U.S. Marshal's Service in this District hindered and continues to hinder the movement of defendants to and from court. Many of the detention facilities have reported positive COVID-19 cases among the prisoners and staff." (21-AO-035, 3).

In response to COVID-19, the Court established a committee to organize a district wide trial schedule that will allow for jury trials while keeping jurors, litigants, the public, and court staff as safe as possible. Given the COVID-19 current situation of the district, the committee assigned this case April 12, 2022, for trial.

## II.   ARGUMENT

As a result of the unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions throughout the United States and foreign countries and for the reasons stated in the parties' joint request, the Court should set a new trial date of April 12, 2022, and exclude the time from February 1, 2021.

The Speedy Trial Act requires commencement of trial within 70 non-excludable days from the later of the defendant's first appearance or arraignment on indictment. *See* 18 U.S.C. § 3161(c)(1). In cases involving multiple defendants charged together, where "no severance has been granted, one speedy trial clock

10

governs." *United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002). And "the excludable delay of one defendant is ascribed to that of all of his codefendants." *Id*. at 776-77; *see also United States v. Gardner*, 488 F.3d 700, 717 (6th Cir. 2007) ("A defendant's excludable time also includes co-defendants' excludable time."). Another aspect of the speedy trial clock is that the clock re-starts upon the issuance of a superseding indictment. *United States v. Smith*, 510 F. App'x 390, 393-94 (6th Cir. 2013). The date from which to begin the calculation becomes the later of the new indictment or appearance of a defendant. *Id*. The present operative date is September 9, 2020.

The Speedy Trial Act provides that a court may set a trial date outside of the Act's 70-day rule "if the judge grant[s] such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). And Section 3161(h)(7)(A) does not require a defendant's consent to the continuance. *See United States v. Stewart*, 628 F.3d 246, 254 (6th Cir. 2010).

"To conduct a proper ends-of-justice analysis when granting a continuance, a district court must state in the record, either orally or in writing, its reasons for determining that granting the continuance outweighs the public's and the defendant's interest in a speedy trial, based on the factors set forth in (h)(7)(B)." *United States v. Richardson*, 681 F.3d 736, 739 (6th Cir. 2012). When granting an

"ends of justice" continuance, a court may consider several factors, including complexity from the number of defendants or the nature of the prosecution, that it would make it unreasonable to expect adequate preparation for trial. *See* 18 U.S.C. § 3161(h)(7)(B); *see also Richardson*, 681 F.3d at 740 ("Defense counsel's need for additional time to prepare an unusually complex case is an appropriate reason for granting a continuance.").

The ends of justice continuance fits.

At the December 9, 2021, Status Conference, where the government and all defense counsel were present, the parties discussed the ongoing COVID-19 pandemic, the present February 1, 2022 trial date, and other trial issues before the Court. The parties and the Court discussed the reopening of the courthouse, the feasibility of a multi-defendant trial on February 1, 2022, and the recent and predicted COVID-19 trends in Michigan. Bell, through counsel, agreed to waive his rights under the Speed Trial Act and to excludable delay through a new trial date. Nero did not. Bell recognized that the failure to grant a continuance would deny him the reasonable time necessary for effective preparation, and "would likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice," given the extraordinary conditions discussed on the call and set for in detail herein. The reasoning applies with equal force to Nero. For ease of review, those reasons for the ends of justice continuance are:

12

- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption. On March 10, 2020, Governor Gretchen Whitmer announced a state of emergency following two confirmed cases of COVID-19 in Michigan. President Donald Trump declared a national state of emergency on March 13, 2020.

- To slow the spread of the outbreak and lessen the load placed on our healthcare systems, various restrictions have been imposed on travel, access to public facilities, and government functions. As part of these efforts, on March 13, 2020, this court postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in the Eastern District of Michigan in all criminal (and civil) cases and matters, and it postponed indefinitely all grand jury proceedings in the Eastern District of Michigan. *See* Administrative Order 20-AO-021. This Order also reflected the fact that the court cannot properly secure the presence of sufficient jurors and grand jurors in the courthouse without jeopardizing the health and safety of the prospective jurors, as well as the health and safety of court personnel. This Order further reflected the reality that the court staff, the Court Security Officers, and the Marshals Service could not operate or provide access to in-court proceedings without jeopardizing their health and safety.

- On March 23, 2020, Governor Whitmer issued an order requiring Michigan residents to shelter in place. *See* www.michigan.gov/coronravirus; Executive Order 2020-21. On March 25, 2020, the U.S. District Courthouse for the Eastern District of Michigan in Detroit was closed indefinitely. On April 9, 2020, Governor Whitmer issued extended and expanded the "Stay Home, Stay Safe" order. *See id.*; Executive Order 2020-42. On April 24, 2020, Governor Whitmer again extended and amended the "Stay Home, Stay Safe" order, indicating that the virus remains aggressive and persistent. *See id.*; Executive Order 2020-59 (to remain in effect until at least May 15, 2020).

- COVID-19 has infected millions of people across all fifty states, the District of Columbia, and Puerto Rico, resulting in thousands of fatalities in Michigan alone.

- On November 15, 2020, the Michigan Department of Health and Human

Services (MDHHS) issued an emergency order enacting a "three-week pause" limiting indoor gatherings. On December 7, 2020, this order was extended in part through December 20, 2020.

- On February 8, 2021, the MDHHS issued another order stating "[s]ince December 11, 2020, the Food and Drug Administration has granted emergency use authorization to two vaccines to prevent COVID-19, providing a path to end the pandemic. Michigan is now partaking in the largest mass vaccination effort in modern history and is presently working toward vaccinating at least 70% of Michigan residents 16 and older as quickly as possible. [A]s lower COVID-19 rates permit easing of precautions, we must continue to proceed slowly and carefully, with close monitoring of cases and impacts, alongside efforts to increase the rate of vaccination." *See* https://www.michigan.gov/coronavirus/0,9753,7-406-98178_98455-551407--,00.html. Although the MDHHS has eased restrictions, indoor gatherings and mask requirements for non-vaccinated individuals who are indoors remain in effect. The MDHHS noted that "the COVID-19 pandemic continues to constitute an epidemic in Michigan" and "conclude[d] that control of the epidemic is necessary to protect the public health and that it is necessary to restrict gatherings and establish procedures to be followed during the epidemic to ensure the continuation of essential public health services and enforcement of health laws." *See id*.

- As of December 15, 2021, Michigan had 1,408,189 confirmed cases of COVID-19 with a 7-day case average at 5,664 and 7-day death average at 113. The CDC Michigan COVID-19 Vaccine Dashboard noted that 62.4% of Michigan residents have received at least one dose of the vaccine. In the City of Detroit, where the District's main courthouse sits, 44.5% of its residents age 5 and above have been vaccinated with at least one dose of the vaccine. The seven-day average rate of cases significantly increased from the September 22, 2021 Administrative Order, which was at 2,616 cases and is now up to 5,664 cases. This is due mostly to the COVID-19 Delta variant amongst unvaccinated individuals and some breakthrough cases. The recently-identified COVID-19 Omicron variant has now been detected in Michigan. The CDC noted . . . the rapid spread of the Omicron variant . . . . The Judiciary's level of transmission dashboard indicates that this District is currently at high transmission for all counties. 21-AO-035, 2 (Dec. 17, 2021).

14

- As a result, failure to grant a continuance would likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

Although the court has issued a blanket determination of excludable delay for Speedy Trial purposes in 20-AO-21, 20-AO-39 (dated July 21, 2020), and 20-AO-59 (dated Dec. 21, 2020) the parties submit these additional case-specific reasons to supplement the reasons relied upon by the court in issuing that order, and request this Court to make case-specific findings supporting a determination of excludable delay. These case-specific reasons include the following:

- The inability of counsel for the defendant and for the government to adequately prepare for trial. The trial involves witnesses with high-risk factors, witnesses who must travel, putting themselves and others at risk. Defense counsel will also be delayed in meeting with clients to prepare for trial based the health emergency described above. As the Court has repeatedly noted, it declared this case to be a "mega case" under the Criminal Justice Act, based on the volume of discovery, the number of Defendants, and the expected length of trial. *See* (ECF No. 541, PageID.2925).

- Due to the severe restrictions imposed on movement, meetings, and travel recommended by public health officials and required under Executive Orders, neither defense counsel nor counsel for the government can effectively review the discovery materials and prepare for trial. For example, most jail facilities have reimposed severe restrictions on visitation and have reimposed internal restrictions as well. For any detained defendant, there is little or no ability to meet with counsel to review the case. Counsel also have limited ability to access materials, visit and interview witnesses (including, if appropriate, expert witnesses), meet with government counsel, and review discovery materials in the custody of the government. Counsel for the government are similarly limited in their ability to meet with agents and witnesses, as well as to access material stored at government facilities. Further, counsel, U.S. Attorney's Office personnel, and victim-witness specialists are still encouraged to telework

15

and minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with colleagues, witnesses, and others.

- Failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

- In addition, the Speedy Trial Act specifically (and automatically) excludes delay resulting from the unavailability of the defendant or an essential witness. *See* 18 U.S.C. §§ 3161(h)(3)(A) (rendering excludable "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness") & 3161(h)(4) (excluding "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial"). The government has several out-of-state witnesses who are essential and may be rendered unavailable. In light of the restrictions on travel, movement, and public appearances, these provisions further support the exclusion of this time.

- This open-ended continuance is warranted under the specific circumstances of this case, and such continuances are permitted under the law of this Circuit. *See, e.g., United States v. Richardson*, 681 F.3d 736, 743 (6th Cir. 2012); *United States v. Sabino*, 274 F.3d 1053, 1064-65 (6th Cir. 2001), *amended in part on other grounds*, 307 F.3d 446 (2002). This continuance is also in accordance with the Speedy Trial Act Plan of this District. *See* E.D. Mich. STA Plan ¶ 7(d)(3) (when continuance is open-ended, parties must "inform the court promptly when and if the circumstances that justify the continuance no longer exist" and must "file periodic reports").

In both its June 11, 2020 opinion and order and December 11, 2020 opinion and order, the Court noted and specified many of the "grave public health concerns at stake." (ECF No. 487, PageID.2521; ECF No. 541, PageID.2924). These reasons continue to apply. Only Nero —despite all the above—has refused to waive speedy trial rights and agree to excludable delay.

## III.   CONCLUSION

The Court should enter an order overruling Nero's objections, and find that:
(1) it is unreasonable given the extraordinary conditions set forth above to expect
adequate preparation prior to April 12, 2022; (2) co-defendant Bell has agreed to
exclude the time from February 1, 2022, through and including April 12, 2022; (3)
that period is excludable under the Speedy Trial Act; and (4) the ends of justice
served by taking such action outweigh the best interest of the public and the
objecting Defendant (Nero) in a speedy trial.

> Respectfully submitted,
>
> DAWN N. ISON
> UNITED STATES ATTORNEY
>
> /s/ *Matthew Roth*
> MATTHEW ROTH
> BLAKE HATLEM
> JEROME GORGON
> Assistant United States Attorneys
> 211 West Fort Street, Suite 2001
> Detroit, Michigan 48226
> (313) 226-9186
> Matthew.Roth2@usdoj.gov

Date: January 14, 2022

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on January 14, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

> /s/ *Matthew Roth*
> MATTHEW ROTH
> BLAKE HATLEM
> JEROME GORGON
> Assistant United States Attorney
> 211 West Fort Street, Suite 2001
> Detroit, Michigan 48226
> (313) 226-9186
> Matthew.Roth2@usdoj.gov

18