UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

D-1 DARRICK DERNARD BELL,
D-5 HAROLD LASHAWN NERO,

        Defendants.
_____/

Criminal Action No.
17-20183

HON. MARK A. GOLDSMITH

**OPINION & ORDER
DENYING DEFENDANTS' MOTION IN LIMINE TO RESCIND CUSTODY
SEGREGATION ORDER (Dkt. 815)**

Defendants Darrick Dernard Bell and Harold Lashawn are being tried on counts related to their alleged roles in sex and drug trafficking conspiracies at the Victory Inn in Detroit, Michigan. Jury selection for this trial began on April 12, 2022. On April 13, 2022, Defendants filed a motion in limine to rescind their custody segregation order (Dkt. 815). The custody segregation order requires the county jails and U.S. Marshals to segregate Defendants while they are in custody. Id. at 3. The Government filed a response (Dkt. 816). For the following reasons, Defendants' motion is denied.

## I. ANALYSIS

As an initial matter, Defendants' motion is untimely. As Defendants acknowledge, see Mot. at 3, their pretrial motions deadline has long passed. As a result, the Court may consider Defendants' untimely motion only if they show "good cause" for their untimeliness. Fed. R. Crim. P. 12(c)(3). Defendants argue that they "found out about the [custody segregation] order on the second day of trial, April 13, 2022." Mot. at 3. This is not a credible argument. As the

Government states, the custody segregation order has been in effect for years. Resp. at 1. Defendants offer no other explanation for their untimeliness. As a result, Defendants have not shown good cause for the Court to consider their motion. The untimeliness of Defendants' motion is, alone, sufficient reason to deny the motion. However, the motion also fails on the merits, as discussed below.

While detainees cannot be segregated without reason, they can be segregated for security purposes. See Bell v. Wolfish, 441 U.S. 520, 540 (1979). As the Government points out, valid security concerns justify keeping Defendants separated, including the fact that Nero is the alleged enforcer of Bell's criminal activities, and the identities of witnesses—including cooperating witnesses—have now been revealed. Resp. at 1. Defendants, having declined to file a reply, do not contest the Government's assertion that the custody segregation order is justified by ongoing security concerns.

Instead, Defendants contend that the custody segregation order violates their right to present a complete defense as guaranteed by the Sixth Amendment. Mot. at 4. To support this argument, Defendants exclusively rely on United States v. Salim, No. 3:15-CR358, 2018 WL 1138287 (N.D. Ohio Mar. 2, 2018). Salim, however, did not involve a custody segregation order. Rather, in Salim, the court addressed whether one of the defendants should be released. Id. at *1. It is true that the Salim court discussed, in that context, that releasing the defendant to live with his mother (one of the release conditions) would enable the defendant and his co-defendant brother (who also lived with the mother) to "reside together." Id. at *2. But the court actually described the codefendants' cohabitation as a "red flag"—i.e., a reason to keep the defendant detained and separated from his codefendant brother. The court nevertheless permitted the arrangement, noting that while it "would not prevent [the codefendants] . . . from working together on a joint defense,"

2

the court "would normally impose an order of separation on released co-defendants to prohibit them from meeting up and discussing their case outside of defense preparation." Id.

Defendants seize on the Salim court's statement that it "would not prevent [the codefendants] . . . from working together on a joint defense." See Mot. at 4. But this language does not instruct that the Sixth Amendment requires codefendants to be able to meet freely whether in custody or not. Nor does it suggest that keeping codefendants in separate housing somehow violates the right to present a complete defense. To the contrary, Salim supports the position that codefendants should generally be separated and prohibited from meeting up outside of defense preparation. See Salim, 2018 WL 1138287, at *2. As the Government points out, here, "Defendants have ample time to work together in court and through the ethical guidance of defense counsel." Resp. at 3. Keeping Defendants separated while they are in custody, therefore, does not contravene Salim.

Defendants have not shown that the custody segregation order violates their Sixth Amendment rights, and they have not offered any other reason for rescinding the order. Defendants' motion, therefore, fails on the merits.

## II. CONCLUSION

For the foregoing reasons, Defendants' motion in limine to rescind their custody segregation order (Dkt. 815) is denied.

SO ORDERED.

Dated: April 19, 2022  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge