UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

        Plaintiff,                                Criminal Action No. 17-20183

vs.

                                           HON. MARK A. GOLDSMITH

D-1 DARRICK DERNARD BELL,
D-5 HAROLD LASHAWN NERO,

        Defendants.

_____/

**OPINION & ORDER
DENYING DEFENDANTS' MOTION IN LIMINE TO PRECLUDE TESTIMONY
ABOUT A LEDGER (Dkt. 843)**

Defendants Darrick Dernard Bell and Harold Lashawn Nero are currently on trial for crimes related to their alleged roles in sex and drug trafficking conspiracies at the Victory Inn in Detroit, Michigan. During trial, Government witness Perry Edgell, a Farmington Hills police officer, testified regarding a traffic stop that he conducted in 2015. Two of the three individuals in the stopped vehicle were Bell and one of his alleged victims, Elizabeth Dehart. The defense objected to Officer Edgell's testimony about a ledger he found on Dehart's person. The Court invited the parties to file briefs on the admissibility of this testimony. Defendants filed a motion in limine to preclude the testimony about the ledger (Dkt. 843), and the Government filed a brief in which it argues that the evidence is admissible (Dkt. 842). For the following reasons, the Court denies Defendants' motion and permits the officer's testimony regarding the ledger.

**I. BACKGROUND**

According to Officer Edgell's testimony, when he conducted the traffic stop, he observed that Dehart was wearing a "very formfitting" cocktail dress and heels, and that there was a big

"age discrepancy" between Dehart and the two men in the car.  When speaking with the officer,

Bell purportedly referred to Dehart as his "girlfriend" but also stated that he had a wife.  For these

reasons, Officer Edgell was "suspicious that there was some prostitution involved."  He searched

Dehart's person and found a ledger that contained notes he thought were "indicative of

prostitution."  Specifically, the ledger contained "the names of men, dollar amounts, and times

(either half-hour, or hour)."  Gov't Mem. at 1; see also Defs. Mot. at 3.

Dehart and Bell were not charged with any offense related to the traffic stop.  Defs. Mot.

at 3.  The police report for the traffic stop, which documents the discovery of the ledger and its

contents, is still in existence.  Gov't Mem. at 1–2.  However, after the case had been closed for

several months, the ledger itself was destroyed.  Id.; Defs. Mot. at 3.  The destruction happened

almost a year before the federal investigation began in this case.  Gov't Mem. at 1–2.

## II.  ANALYSIS

Defendants raise two bases for precluding the officer's testimony about the ledger: (i) lack

of authentication and (ii) hearsay.  Defs. Mot. at 4–7.  The Court addresses each basis in turn.[1]

---

[1] During trial, Defendants also raised spoliation of evidence as a basis for challenging evidence of the ledger.  Although Defendants do not explicitly argue spoliation in their motion, the Court briefly addresses the concern.  "[S]poliation is defined as the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction."  United States v. Braswell, 704 F. App'x 528, 535 (6th Cir. 2017) (punctuation modified).  "'Intentional destruction' is removal with the purpose of rendering it inaccessible or useless to the defendant in preparing its case."  Id. (punctuation modified).  The United States Court of Appeals for the Sixth Circuit has required a showing of bad faith to justify an adverse inference from spoliation of evidence.  Id. Defendants have not alleged any bad faith conduct, and they do not dispute the Government's representation that the ledger was simply destroyed as a matter of course, long before the federal investigation in this case began.  Thus, the Court will not permit an adverse inference from the destruction of the ledger.

## A. Authentication

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Examples of evidence that satisfy this requirement include testimony of a witness with knowledge that "an item is what it is claimed to be" and "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item." Fed. R. Evid. 901(b).

Defendants specifically take issue with the adequacy of the officer's testimony to authenticate the ledger as an item belonging to Dehart. See Defs. Mot. at 6. But, as Defendants acknowledge, "'[a] document . . . may be shown to have emanated from a particular person by virtue of its disclosing knowledge of facts known peculiarly to him . . . .'" United States v. Jones, 107 F.3d 1147, 1150 (6th Cir. 1997) (quoting Fed. R. Evid. 901(b)(4) advisory committee's note). In this case, the fact that Officer Edgell found the ledger on Dehart's person when he searched her is sufficient to show that the document emanated from her. Accordingly, authentication is not a barrier to the officer's testimony regarding the ledger.

## B. Hearsay

Defendants contend that the officer's testimony about the ledger is also excludable as hearsay. Generally, hearsay is not admissible. See Fed. R. Evid. 802. However, not all statements constitute hearsay. Hearsay is any out-of-court statement that a party offers "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(3). The Government contends that the officer's testimony about the ledger does not come within the definition of hearsay, because it is not being offered to prove the truth of the matters set forth in the ledger. See Gov't Mem. at 3.

If the Government were offering the evidence of the ledger to prove that the names and

numbers listed in the ledger represented sex dates that Dehart had with the men for the listed

duration and dollar amount, then the evidence would be hearsay.  See United States v. Lopez-

Medina, 461 F.3d 724, 746 (6th Cir. 2006) (stating that drug ledger was offered for truth of the

matter asserted because the Government used it to prove that the names and numbers listed

represented actual sales of the listed quantity of drugs to the specified person).  This is not the case

here.  The Government is offering the evidence to show that Dehart possessed a "tool of the

[commercial sex] trade," presumably to show that it is likely that she was engaged in commercial

sex during the time of the alleged conspiracy.  See Gov't Mem. at 3.  Case law from this circuit

confirms that if a party offers a ledger as evidence of a "tool of the trade" to prove that an individual

was involved in an illegal activity, then the ledger is not offered to prove the truth of the matter

asserted, and does not constitute hearsay.  United States v. Brown, 801 F.3d 679, 692 (6th Cir.

2015), as amended by United States v. Brown, 828 F.3d 375 (6th Cir. 2016).[2]

---

[2] Defendants argue that Brown is distinguishable because in Brown, "there was a direct connection between the ledger and the defendant," as the ledger was "found in the defendant's master bedroom."  Defs. Mot. at 6.  The fact that the ledger is offered to show that Dehart—one of Bell's alleged victims—was involved in commercial sex acts during the time of the alleged sex trafficking conspiracy does not alter the hearsay analysis.  Defendants also rely on United States v. Mouzin, 785 F.2d 682 (9th Cir. 1986) in arguing that the officer's testimony about the ledger is inadmissible hearsay.  Mouzin, however, is inapposite.  There, the Government used the ledger to prove the truth of matters asserted in the document, i.e., to demonstrate that certain illegal currency transactions had actually taken place.  Here, the Government is not proposing to use the ledger to show any specific act or occurrence set forth in it took place.  Therefore, Mouzin does not provide guidance on the issue here—i.e., whether evidence of a ledger not offered to prove the truth of the matter asserted is admissible as non-hearsay.

Because the Government is not offering the ledger to prove the truth of the matters asserted in the ledger, it does not meet the definition of hearsay, and, as a result, its admission does not violate the general prohibition against hearsay.[3]

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion in limine to preclude testimony about the ledger (Dkt. 843) is denied.

SO ORDERED.

Dated:  April 29, 2022                                                    s/Mark A. Goldsmith
      Detroit, Michigan                                       MARK A. GOLDSMITH
                                         United States District Judge

---

[3] Defendants suggest—but do not explicitly raise—a Confrontation Clause issue with the admission of evidence of the ledger, complaining that defense counsel cannot cross-examine Dehart about the ledger because she is deceased.  Defs. Mot. at 6.  The Court notes that "the Confrontation Clause does not apply to non-hearsay, that is, it 'does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.'"  United States v. Whittle, 223 F. Supp. 3d 671, 676 (W.D. Ky. 2016) (quoting Crawford v. Washington, 541 U.S. 36, 40 (2004)).